JOE OWENS and LUCILLE OWENS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Owens v. Commissioner
Docket No. 2372-75.
United States Tax Court
T.C. Memo 1977-233; 1977 Tax Ct. Memo LEXIS 209; 36 T.C.M. (CCH) 963; T.C.M. (RIA) 770233; July 25, 1977, Filed Joe Owens, pro se. Osmun R. Latrobe, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in Federal income tax of petitioners and additions to tax as follows: Additions to Tax Taxable Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
1965
$ 478.25
$119.56
$ 23.91
1966
624.95
156.24
31.25
1967
1,507.52
376.88
75.38
1968
602.23
150.56
30.11
1969
631.95
157.99
31.60
1970
606.20
151.55
30.31
1971
803.88
0
40.19
Due to concessions, only the following issues remain for our decision: (1) Whether petitioners must recognize any part of the gain on the sale of their former residence; (2) Whether petitioner Joe Owens is entitled to an exemption from the tax on self-employment income; (3) Whether petitioners' failure to timely file Federal income tax returns for the taxable years 1965 through 1970 was due to reasonable cause; and (4) Whether any part of petitioners' underpayments of tax for the taxable years 1965 through 1971 was due to negligence or intentional disregard of the rules and regulations *211 of the Internal Revenue Code of 1954. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated by reference. Petitioners Joe and Lucille Owens, husband and wife who resided in Oklahoma City, Oklahoma, at the time of filing their petition herein, filed joint Federal income tax returns for the taxable years 1965 through 1970 on February 10, 1972, with the District Director of Internal Revenue for the Oklahoma City district. They timely filed a joint return for the taxable year 1971. On October 24, 1967, petitioners sold their principal residence on Route 1, Mustang, Oklahoma, to Mr. J. Manson Pritchard. The sales price was $21,000 and $1,158 of expenses were incurred incident to the sale. Petitioners' cost basis in this property was $11,000. Shortly after the sale of this residence, petitioners purchased four acres of land at a cost of $6,000 and began construction on a new home located at 3601 S.W. 12th Street, Oklahoma City, Oklahoma. Petitioners occupied the new home after completion of one room. Additional rooms were added and construction continued over a two-year period. The finished *212 residence was two stories with an attached single garage and a living area of approximately 1,900 square feet. Construction proceeded essentially room-by-room and the exterior brick work and landscaping were completed toward the end of the two-year period. All labor was supplied by petitioners and their family; materials were purchased as needed throughout the period of construction. Petitioners did not maintain any written record of the costs of materials used in construction of the residence. The proceeds of the sale of the former residence were expended toward the construction of the new residence within the two-year construction period. Some of the proceeds of sale were used to purchase furnishings for the new home. Petitioners did not maintain records or workpapers to prepare their Federal income tax returns. Throughout the years 1965 through 1971 Petitioner Joe Owens served as a member-minister of the Church of the First Born.He did not, however, receive compensation for his service in that capacity and his income was derived from his employment as an independent contractor doing carpentry and landscaping. One of the quiding tenets of the Church of the First Born is its *213 opposition to public and private insurance. The belief is, in essence, that the Lord will keep and protect those who follow His Commandments. Therefore, petitioners would not accept any benefit from any type of insurance including social security. However, petitioners have no religious objections to the payment of taxes. Petitioners were contacted by the Internal Revenue Service in regard to their tax liability for the taxable years 1965 through 1971 in February 1972. While petitioners were aware of the Federal tax laws, they did not file Federal income tax returns for the taxable years 1965 through 1971 until February 10, 1972. Prior to the investigation of their tax liability, petitioners did not consult an attorney or take any reasonable steps to ascertain either their Federal tax liability or their obligation to file Federal tax returns. On February 29, 1972, Petitioner Joe Owens submitted an Application For Exemption From Tax On Self-Employment Income And Waiver Of Benefits to the District Director of Internal Revenue, Oklahoma district. The Commissioner, in his statutory notice of deficiency, determined that the gain realized on the sale of the residence was fully *214 taxable subject to the 50 percent deduction provided in section 1202. [1] He determined that the earnings of Petitioner Joe Owens were subject to self-employment tax. He further determined that petitioners' failure to file Federal income tax returns within the time prescribed by law had not been shown to be due to reasonable cause and, in addition, that petitioners' underpayment of tax for the taxable year 1965 through 1971 was due to negligence or intended disregard of the rules and regulations of the Internal Revenue Code of 1954. ULTIMATE FINDING OF FACT Petitioners expended $16,382 toward the purchase of a new residence within 18 months after the date of sale of their old residence. OPINION The initial issue for our decision is the extent to which petitioners must recognize the gain which they realized on the sale of their former principal place of residence. Section 1034, [2] mandatory in application, provides that gain realized from the sale of a taxpayer's principal place of residence is recognized only to the extent that the adjusted sales price of that residence exceeds the cost *215 of a new residence. If construction of a new residence is begun within one year after the date of sale of the old residence then for purposes of section 1034 the cost of the new residence includes costs incurred within 18 months following the date of sale. See section 1.1034-1(c)(4)(ii), Income Tax Regs. It is on this issue that the parties have locked horns. Respondent contends that petitioners have not established the amounts expended during the 18-month period and, therefore, the gain realized on the sale of the old residence must be recognized in full. Petitioners *216 counter with the assertion that most of the sale proceeds were expended within that period. At trial Petitioner Joe Owens carefully outlined the manner in which construction on the new residence proceeded. The initial step was the acquisition of a four acre tract. The testimony concerning the cost of this property was somewhat vague and in the absence of records any figure is to some extent speculative. Nevertheless, from the record as a whole, we find that $6,000 was expended to buy land. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1939). After the land purchase, work began on the new residence with construction proceeding from the inside out. When a section was completed a new section was begun and it took petitioners approximately two years to complete the work. We find Petitioner Joe Owens' testimony honest and reliable and we are inclined to agree with him that a substantial portion of the purchase price was spent within the 18-month period required by section 1034. However, brick work and some exterior finishing and landscaping were not completed within that crucial period and we are not unmindful of these kinds of costs. Therefore, viewing the evidence *217 in its entirety and applying our best judgment, we conclude that petitioners spent $10,382 in addition to the cost of the land within the statutory period. Cohan v. Commissioner,supra.
Respondent contends that Petitioner Joe Owens is not entitled to an exemption from the tax on self-employment income provided by section 1402(b) because he did not make a timely application for such an exemption. Petitioner argues that under no circumstances can he accept the benefits of the social security system because of his religious beliefs and, therefore, he should be exempted from the self-employment tax even though his application was untimely. Petitioners are members of the Church of the First Born and they adhere to its basic tenets, one of which is the conscientious opposition to any form of public or private insurance. Section 1402(h) provides an exemption from the tax on self-employment income for members of religious groups conscientiously opposed to public and private insurance. However, section 1402(h)(2)(A) provides strict limitations on the time frame within which the application for exemption must be filed. In order to be exempt, the taxpayer must file *218 an application on or before December 31, 1968, if he had self-employment income for any taxable year ending before December 31, 1967. Because Petitioner Joe Owens earned self-employment income prior to December 31, 1967, his application was due on or before December 31, 1968. His application was not filed until February 24, 1972; it was therefore, untimely. Section 1402(h)(2)(A) clearly requires that a timely application for exemption be filed; simply possessing the requisite religious belief is insufficient. Thus, petitioners' contention has no merit. Accordingly, we decide this issue in favor of respondent. The Commissioner has imposed the penalty provided by section 6651(a) for failure to file a tax return within the period prescribed by law. To prevail petitioners must prove that their failure to file was due to reasonable cause and not willful neglect. Electric and Neon, Inc. v. Commissioner,56 T.C. 1324, 1342 (1971), affd. per curiam 496 F.2d 876 (5th Cir. 1974). Petitioners herein made no attempt to ascertain whether they were required to file Federal income tax returns. They did not consult an attorney or take any other steps which *219 would constitute reasonable cause for their failure to file. Merely relying upon their uninformed belief that they were not liable for tax is clearly insufficient. Saigh v. Commissioner,36 T.C. 395, 430 (1961). Petitioner Joe Owens argues that filing Federal tax returns required that he acquire a social security number which would violate his religious convictions. What is required on a taxpayer's Federal income tax return is a taxpayer identification number which is, in reality, one's social security number. However, filing income tax returns does not entitle taxpayers to social security benefits and we are unable to conclude that respondent's required use of a taxpayer identification number violates petitioners' religious freedom. See Palmer v. Commissioner,52 T.C. 310 (1969). Petitioners are admittedly not opposed to payment of income taxes on religious grounds; petitioners have failed to demonstrate that their failure to file was due to reasonable cause. Accordingly, we hold that the penalty provided by section 6651(a) was properly imposed. The Commissioner also asserted the negligence penalty pursuant to section 6653(a). Once again religious *220 beliefs, however sincerely held, cannot vitiate one's responsibility to file tax returns and pay a tax. Petitioners have made no attempt to pay their income tax even apart from the tax on self-employment income despite the fact that they held no religious objection to income taxes. No records were maintained and there is no evidence that they ever intended to pay their tax. We can only conclude that the negligence penalty was properly imposed. [3]
Finally, petitioners have on brief expressed disagreement with certain of the stipulated facts. No objection was made at trial when respondent's counsel stated the issues remaining for decision and Petitioner Joe Owens responded that he agreed. Rule 91(e) of the Tax Court Rules of Practice and Procedure specifically provides: (e) Binding Effect: A stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the Court or agreed upon by those parties. The Court will not permit a party to a stipulation to qualify, change, or contradict a stipulation in whole or in part, except *221 that it may do so where justice requires. A stipulation and the admissions therein shall be binding and have effect only in the pending case and not for any other purpose, and cannot be used against any of the parties thereto in any other case or proceeding. There is nothing in the record from which we can conclude that petitioners either did not understand the nature and binding effect of the stipulation of facts or that they were in any way coerced by respondent. Moreover, there is no evidence that a substantial mistake or misrepresentation has been made. Cf. Saigh v. Commissioner,26 T.C. 171 (1956). A stipulation may be set aside upon a showing of good cause, however the record herein reveals no proper ground for altering the stipulation of facts. Accordingly, we hold that petitioner is bound by the stipulation of facts. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. 1034. (a) Nonrecognition of gain.--If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him after December 31, 1953, and within a period beginning 1 year before the date of such sale and ending 1 year after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence.↩
3. See Owens v. Commissioner,T.C. Memo 1968-4↩.