David M. STRANG and Eleanor L. Strang, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 77–1139.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 28, 1978.

Decided Jan. 25, 1979.

Timothy D. Wittlinger, Hill, Lewis, Adams, Goodrich & Tait, Detroit, Mich., for plaintiffs-appellants.

James K. Robinson, U. S. Atty., Detroit, Mich., Myron C. Baum, Acting Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C., Gilbert E. Andrews, Richard Perkins, Richard Farber, Washington, D.C., for defendant-appellee.

Before EDWARDS, Chief Judge, ENGEL, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This is an action by David M. Strang, a Lutheran minister (hereinafter Strang), and his wife, Eleanor L. Strang (both parties hereinafter jointly referred to as taxpayers or appellants), to recover self-employment taxes in the amount of $307.50. Taxpayers allege the self-employment taxes were collected erroneously by the Internal Revenue Service with respect to their taxable year 1971. The district court denied relief to the taxpayers and entered judgment against them for interest in the amount of $25.91. The taxpayers appeal.

Appellant Strang was ordained a minister of the Lutheran Church in America in June 1965. During the calendar years 1965 through 1969, he had self-employment earnings of $400 or more, some part of which was derived from services performed as a minister. From July 1969 until June 1971, Strang "left" the ministry and worked as an employee for private companies. Strang "re-entered" the ministry in June 1971. From June 1971 through December 1971, he had self-employment earnings of more than $400, some part of which he earned as a minister.

Under § 1402(e) [1] of the Internal Revenue Code, an individual first performing serv-

---

1. (e) Ministers, members of religious orders, and Christian Science practitioners.—

(1) Exemption.—Any individual who is (A) a duly ordained, commissioned, or licensed

ices as a minister prior to or during 1968, had until April 15, 1970, to file an "Application for Exemption from Self-Employment Tax for use by Ministers, Members of Religious Orders and Christian Science Practitioners," Form 4361. An individual entering the ministry after December 31, 1968, must file on or before April 15 of the year following the close of the second taxable year after entry into the ministry.

On April 10, 1973, Strang filed an application for the exemption. The application was disapproved by the District Director of Internal Revenue on May 24, 1973, on the ground that appellant's application was not timely filed and should have been filed on or before April 15, 1970.

The case was tried in the district court upon a stipulation of facts, the meaning of which is disputed by the parties. The stipulation states that "in 1969 Rev. Strang left the ministry and worked for private companies as an employee until June 1971," and that "in June 1971, Rev. Strang re-entered the Ministry."

Appellants contend that Strang ceased to be a minister in 1969, was not a minister on April 15, 1970, and could not have filed a truthful application as a minister on that date. They assert that when Strang "reentered" the ministry, he was entitled to be treated as if he were a newly ordained minister, and that his application for exemption, therefore, was timely filed on April 10, 1973. The district court agreed with the Government that appellant Strang merely took a leave of absence, and, therefore, he was required under the provisions of the Act to file his application for exemption not later than April 15, 1970. The district court further held that appellant Strang had more than a year and a half in which to file an application for exemption prior to the time he "left" the ministry in 1969. Appellants contend that filing was not required during this period and that appellant Strang was entitled to the full statutory time within which to file for the exemption, not merely a portion thereof.

Because of the disagreement of the parties as to the meaning of the stipulation, and the absence of any other evidence, this court is not able, on the record before us, to decide the issues raised on the appeal. The record does not reveal whether, under the practices of the Lutheran Church, an or-

---

minister of a church or a member of a religious order (other than a member of a religious order who has taken a vow of poverty as a member of such order) or (B) a Christian Science practitioner, upon filing an application (in such form and manner, and with such official, as may be prescribed by regulations made under this chapter) together with a statement that either he is conscientiously opposed to, or because of religious principles he is opposed to, the acceptance (with respect to services performed by him as such minister, member, or practitioner) of any public insurance which makes payments in the event of death, disability, old age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act), shall receive an exemption from the tax imposed by this chapter with respect to services performed by him as such minister, member, or practitioner. Notwithstanding the preceding sentence, an exemption may not be granted to an individual under this subsection if he had filed an effective waiver certificate under this section as it was in effect before its amendment in 1967.

**(2) Time for filing application.**—Any individual who desires to file an application pursuant to paragraph (1) must file such application on or before whichever of the following dates is later: (A) the due date of the return (including any extension thereof) for the second taxable year for which he has net earnings from self-employment (computed without regard to subsections (c)(4) and (c)(5)) of $400 or more, any part of which was derived from the performance of service described in subsection (c)(4) or (c)(5); or (B) the due date of the return (including any extension thereof) for his second taxable year ending after 1967.

**(3) Effective date of exemption.**—An exemption received by an individual pursuant to this subsection shall be effective for the first taxable year for which he has net earnings from self-employment (computed without regard to subsections (c)(4) and (c)(5)) of $400 or more, any part of which was derived from the performance of service described in subsection (c)(4) or (c)(5), and for all succeeding taxable years. An exemption received pursuant to this subsection shall be irrevocable.

dained minister can nullify or terminate his ordination at any time he chooses, and resume his status as an ordained minister at a later date. There is no evidence as to what steps, if any, appellant Strang took to terminate his status as an ordained minister when he "left the ministry" in 1969. The record is silent as to whether he was ordained again when he "re-entered" the ministry in 1971. There is no evidence as to whether he retained the authority to perform the services of a minister from 1969 to 1971, but voluntarily refrained from exercising such prerogatives. In short, we cannot determine from the record the status of appellant Strang during the period in dispute.

Therefore, the judgment of the district court is vacated and the case is remanded to the district court for the hearing of evidence as to the status of appellant Strang during the period in question. No costs are taxed. The parties will bear their own costs on this appeal.