JACK D. McLANAHAN and FRANCES H. McLANAHAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McLanahan v. Commissioner
Docket No. 7637-77.
United States Tax Court
T.C. Memo 1979-373; 1979 Tax Ct. Memo LEXIS 153; 39 T.C.M. (CCH) 142; T.C.M. (RIA) 79373; September 12, 1979, Filed *154 Jack D. McLanahan, pro se. Marc A. Feller, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined deficiencies in petitioners' income tax of $527.59 for 1973 and $579.09 for 1974. The sole issue for decision is whether petitioner Jack McLanahan is subject to self-employment tax pursuant to section 1401 [1] on his income earned as a minister in 1973 and 1974. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. At the time they filed their petition, petitioners were residents of Oxford, Pennsylvania.Frances McLanahan is a party only by virtue of having filed joint returns with her husband. When we hereafter refer to petitioner, we will be referring to Jack McLanahan. Petitioner is an ordained minister. He was ordained in 1959 and has, since that time, served as a minister at various churches, camps and schools. At the time petitioner was ordained, a voluntary election was necessary under section 1.1402(e)(1)-1, Income Tax Regs., to have the *155 Social Security Act coverage extended to a minister. Petitioner did not elect at that time to have social security coverage applied to him. In each of the years 1959 and 1960, petitioner earned in excess of $400 from the practice of the ministry. Petitioner received net earnings from self-employment (his ministry) in the amounts of $6,594.93 in 1973 and $7,330.20 in 1974. Petitioner has never filed an election not to be covered under the Social Security Act in accordance with sections 1402(e) or 1402(h). Petitioner is not opposed to receiving benefits for death or disability, etc., under a private insurance contract, and he has purchased such insurance coverage. In his notice of deficiency, respondent determined deficiencies in petitioner's "income tax" for 1973 and 1974 in the amounts of $527.59 and $579.09, respectively. [2]
OPINION The sole issue for decision is whether petitioner is subject to self-employment tax on his income earned as a minister in 1973 and 1974. *156 Specifically, petitioner contends that he is entitled to an exemption from self-employment tax pursuant to section 1402(e). [3] Respondent, on the other hand, contends that petitioner is not entitled to this exemption because petitioner failed to file an application for exemption as required by section 1402(e)(2) or section 1.1402(e)-2A(b), Income Tax Regs. We agree with respondent. In relevant part, section 1402(e) provides that a minister who meets the requirements of that section "shall receive an exception from the tax imposed by this chapter with respect to services performed by him as such minister * * *." This exemption, however, is expressly made contingent upon the filing of an application for exemption in the form and manner prescribed in the Regulations. Section 1402(e) (1). As to the time for filing such applications, *157 section 1402(e)(2) provides: (2) Time for filing application.--Any individual who desires to file an application * * * must file such application on or before whichever of the following dates is later: (A) the due date of the return (including any extension thereof) for the second taxable year for which he has net earnings from selfemployment * * * of $400 or more, any part of which was derived from the performance of service * * *; or (B) the due date of the return (including any extension thereof) for his second taxable year ending after 1967. Normally an application for exemption must be filed on Form 4361 pursuant to the time limitations set forth in secton 1402(e)(2). In petitioner's case, this form must have been filed no later than April 15, 1970, which is the due date of his tax return for the second taxable year ending after 1967. However, under section 1.1402(e)-2A(b), Income Tax Regs., if a taxpayer's last return filed before the expiration of the time limit for filing for an exemption (as specified in section 1402(e) (2)) showed no liability for self-employment tax, such return is treated as an application provided that the taxpayer filed a Form 4361 before February 28, 1975. *158 In this case, petitioner has stipulated his net earnings from self-employment. Petitioner has never filed a Form 4361. It is readily apparent that petitioner has not satisfied the requirements set forth in the Code and regulations for exemption from self-employment tax, and on brief petitioner concedes as much. Nonetheless, petitioner contends that his failure to file Form 4361 should be disregarded since he was not notified until September 11, 1975 (when he was audited by respondent) that he needed to file such an application for exemption. Specifically, petitioner contends that such applications for exemptions were not necessary when he began his ministry in 1959, that he chose in 1959 to not receive social security benefits, and that he has maintained this position since that time. In essence, petitioner contends that he should have been notified by respondent of the change in the law which occurred in 1967 which required an application for an exemption from self-employment tax. While we do not doubt the sincerity of petitioner's disavowal of social security benefits and his ignorance of the change in the law which required an application for an exemption from self-employment *159 tax, his argument is of no avail. The self-employment tax provided in section 1401 is applicable to him unless he obtains an exemption therefrom. Section 1402(e) and the regulations thereunder set forth a comprehensive and mandatory procedure to be followed by ministers who wish to obtain an exemption from this tax. Strang v. United States, an unreported case ( E.D. Mich. 1976, 39 A.F.T.R. 2d 624, 77-1U.S.T.C. par. 9370), revd. and remanded on another point, 591 F. 2d 381 (6th Cir. 1979); Owens v. Commissioner,36 T.C.M. 963, 46 P-H Memo. T.C. par. 77,233 (1977). This procedure allowed petitioner many years from the time the law was changed to file for an exemption. This he failed to do. We have no choice but to uphold respondent's determination that petitioner is liable for selfemployment tax for the years in issue. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. If we determine that petitioner is subject to selfemployment tax, the parties have stipulated that the amount of said tax will be the amount of the deficiencies set forth in the statutory notice.↩
3. Petitioner does not contend that he is entitled to an exemption on any other ground. The exemption of section 1402(h) is available only to those who are opposed to acceptance of benefits of any private or public insurance which makes payments in the event of death, disability, etc.Petitioner stpulated that he is not opposed to receiving such benefits.↩