HARRY O. ENGSTROM AND DOROTHY LEE ENGSTROM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Engstrom v. Commissioner
Docket Nos. 1947-77, 5294-78.
United States Tax Court
T.C. Memo 1980-41; 1980 Tax Ct. Memo LEXIS 543; 39 T.C.M. (CCH) 1032; T.C.M. (RIA) 80041; February 19, 1980, Filed Harry O. Engstrom, pro se. Richard W. Kennedy, for the petitioner. HALL MEMORANDUM OPINION HALL, Judge: Respondent determined that petitioners were liable for self-employment taxes in 1974 and 1975 of $664.00 and $565.56, respectively. The sole issue presented is whether petitioner Harry O. Engstrom is liable for self-employment taxes on his earnings as a minister during 1974 and 1975. The *544 petitioners maintained their legal residence in Great Falls, Montana, at the time they filed the petitions herein. Petitioner Harry O. Engstrom (hereinafter "petitioner") has been an ordained minister since the late 1940's. He operates Faith Ministries, an exempt organization, and travels from place to place helping churches and ministers deal more effectively with their young people. Prior to the 1967 amendment of section 1402(e), [1] ministers were covered under Social Security only if they filed an election to be covered. Petitioner never filed such an election. In 1967, the law was changed to cover ministers unless they affirmatively elected, by the filing of an election, not to be covered. At the time of this change, petitioner was teaching at a gospel college in Canada. Petitioner returned to the United States in 1968 but did not become aware of the change in the law on this point until late 1970. When he learned of the change, petitioner immediately prepared a Form 4361 (Application for Exemption from Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners) electing not to be covered, but he never filed it with the Internal *545 Revenue Service because he did not understand the use of the term "conscientious objector" contained therein. Petitioner paid self-employment tax through his 1973 tax year. However, on March 18, 1975, petitioner met with the Board of Trustees of Faith Ministries and they decided that the Lord could properly take care of petitioner so he should not continue to pay the self-employment tax. Petitioner immediately thereafter went to the Great Falls Office of the Internal Revenue Service and asked for the form to elect not to be covered. He was given Form 4029 (Application for Exemption from Tax on Self-Employment Income and Waiver of Benefits). He recognized that Form 4029 was not the correct form and told the Internal Revenue Service Employee there so, but the Internal Revenue Service employee maintained that Form 4029 was applicable for everyone who wanted to be exempt from self-employment tax and therefore was the correct form. Internal Revenue News Release IR-1452, February 4, 1975, allowed ministers to file applications for exemption until February 27, 1975, if *546 they had not reported self-employment tax on their last income tax return filed before that date. On March 20, 1975, petitioner filed Form 4029 with the Ogden Service Center. On May 8, 1975, he received a letter from the Chief of the Correspondence Section of the Ogden Service Center which said: We have received your Form 4029, Application for Exemption from Tax on Self-Employment Income and Waiver of Benefits. Technically, it was not timely filed. If this document is not withdrawn within the next sixty days, it will be processed as a timely filed document. Please note you should pay your self-employment tax on earnings of $400 or more until you receive your approved Form 4029. After receiving this letter, petitioner checked with the Helena, Montana, Office of the Internal Revenue Service, and was told he should have filed Form 4361. On August 14, 1975, he filed a completed Form 4361 with the Ogden Service Center. This request for exemption was rejected because it was not timely filed. The sole issue before us here is whether petitioner is liable for self-employment taxes on his earnings as a minister during 1974 and 1975. This issue arises because he failed to timely *547 file a request for exemption from tax on self-employment income. Section 1402(e) for taxable years after 1967 provides in pertinent part as follows: (e) MINISTERS, MEMBERS OF RELIGIOUS ORDERS, AND CHRISTIAN SCIENCE PRACTITIONERS. -- (1) Exemption.--Any individual who is (A) a duly ordained, commissioned, or licensed minister of a church or a member of a religious order (other than a member of a religious order who has taken a vow of poverty as a member of such order) or (B) a Christian Science practitioner, upon filing an application (in such form and manner, and with such official, as may be prescribed by regulations made under this chapter) together with a statement that either he is conscientiously opposed to, or because of religious principles he is opposed to, the acceptance (with respect to services performed by him as such minister, member, or practitioner) of any public insurance which makes payments in the event of death, disability, old age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act), shall receive an exemption from the tax imposed *548 by this chapter with respect to services performed by him as such minister, member, or practitioner. Notwithstanding the preceding sentence, an exemption may not be granted to an individual under this subsection if he had filed an effective waiver certificate under this section as it was in effect before its amendment in 1967. (2) Time for Filing Application.--Any individual who desires to file an application pursuant to paragraph (1) must file such application on or before whichever of the following dates is later: (A) the due date of the return (including any extension thereof) for the second taxable year for which he has net earnings from self-employment (computed without regard to subsections (c)(4) and (c)(5)) of $400 or more, any part of which was derived from the performance of service described in subsection (c) (4) or (c)(5); or (B) the due date of the return (including any extension thereof) for his second taxable year ending after 1967. While section 1402(e)(1) provides that a duly ordained minister may file an application for exemption from self-employment taxes with regard to income received from the performance of his religious activities, section 1402(e)(2) requires *549 that the individual who desires the benefit of this exclusion must file his request for exemption by either (1) the due date of the return for his second taxable year ending after 1967 or (2) the due date of the return for the second taxable year for which he has net earnings from self-employment of $400 or more. Petitioner has earned--and has paid tax on--net earnings from self-employment tax of $400 or more since 1968. A timely filed application for exemption under the statute would have been due April 15, 1970. [2] Internal Revenue News Release IR-1452, however, allowed ministers to file applications for exemption on or before February 28, 1975. Unfortunately, it was not until March 20, 1975, that petitioner filed an improper application for exemption, and not until August 14, 1975, that petitioner filed a proper application for extension. Neither application was timely filed, and therefore petitioner remains liable for self-employment taxes. Williams v. United States, 219 Ct. Cl.    , 43 A.F.T.R. 2d 79-919, 79-1 U.S.T.C. 9279 (Ct. Cl. 1979); Owens v. Commissioner, 36 T.C.M. 963, 46 P-H Memo. T.C. par. 77,233 (1977); *550 Kelly v. Commissioner, T.C. Memo. 1980-37. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. There is no record of any extension of the statute for any year discussed herein.↩