ALBERT B. HESS and GLADYS M. HESS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hess v. Commissioner
Docket No. 11613-78.
United States Tax Court
T.C. Memo 1980-187; 1980 Tax Ct. Memo LEXIS 401; 40 T.C.M. (CCH) 415; T.C.M. (RIA) 80187; May 27, 1980, Filed Albert B. Hess, pro se. Michael J. Cooper, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: For their taxable years ended December 31, 1974, 1975 and 1976, respondent has determined deficiencies in petitioners' Federal income tax in the respective amounts of $693.66, $755.23, and $757.74. The issues presented for our decision are as follows: (1) Whether petitioner Albert B. Hess is subject to self-employment tax pursuant to sections 1401 and 1402 [1] on his income earned as an ordained minister during the taxable years in issue; and (2) Whether said petitioner is entitled to deductions for certain expenses incurred in his trade or business. FINDINGS OF FACT All of the facts have been stipulated and are so found. Those necessary to an understanding of the case are as follows. Petitioners maintained their legal residence in Columbia, Missouri, *403 at the time the petition herein as filed. They filed joint Federal income tax returns for the years in issue with the Internal Revenue Service Center at Kansas City, Missouri. Gladys M. Hess is a party herein only because of the joint returns and, consequently, Albert B. Hess will hereinafter be referred to as petitioner. Petitioner is an ordained minister. He was ordained in 1958 and has, since that time to 1965, served as a minister at several churches in numerous locations. From 1965 to the present, petitioner has served as a minister in Columbia, Missouri. Ever since his ordination as a minister, petitioner has received net earnings from self-employment (part of which was from his ministry) of $400 or more. During the taxable years in issue, petitioner's earnings as a minister were $9,258 in 1974, and $10,400 in each of the respective years of 1975 and 1976. Petitioner has never filed an election, either prior to 1968, electing to be covered by the provisions of the Social Security Act, or after 1967, electing not to be covered by said provisions. The due date of petitioner's Federal income tax return, including any extension thereof, for his second taxable year ending *404 after 1967, expired on April 15, 1970. Petitiner is conscientiously opposed to, or because of religious principles he is opposed to, receiving benefits for death or disability, etc., under a public insurance plan. However, petitioner's religious sect is not so opposed to such public insurance benefits. A search of the records at the Internal Revenue Service Center in Kansas City, Missouri, and the Social Security Administration Center in Baltimore, Maryland, failed to disclose an Application for Exemption From Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners for petitioner. In his notice of deficiency, respondent determined that petitioner is not exempt from coverage under the Social Security Act and liability for self-employment tax on his earnings as a minister. Respondent also disallowed, in part, petitioner's deductions for work clothes, transportation, travel and entertainment, and other business expenses taken during the taxable years in issue. OPINION As to the first issue, it is well settled that the self-employment tax provisions embodied under section 1402, together with the FICA exclusion for services *405 performed by a minister in the exercise of his ministry in section 3121(b)(8)(A), furnish an integrated scheme for exemption and exclusion from Social Security tax. [2] See also Strang v. United States, an unreported case ( E.D. Mich. 1976, 39 AFTR 2d 77-624, 77-1 USTC par. 9370), revd. and remanded on another point 591 F. 2d 381 (6th Cir. 1979); Williams v. United States, 219 Ct. Cl.    , 43 AFTR 2d 79-919, 79-1 USTC par. 9279 (Ct. Cl.1979). Ordained ministers, therefore, may obtain an exemption from self-employment tax, but only by timely filing an exemption application pursuant to section 1402(e), otherwise they are subject to self-employment tax. [3] Said section provides, in pertinent part: *406 (e) Ministers, Members of Religious Orders, and Christian Science Practitioners.-- (1) Exemption.--Any individual who is (A) a duly ordained, commissioner, or licensed minister of a church * * *, upon filing an application (in such form and manner, and with such official, as may be prescribed by regulations made under this chapter) together with a statement that either he is conscientiously opposed to, or because of religious principles he is opposed to, the acceptance (with respect to services performed by him as such minister, member, or practitioner) of any public insurance which makes payments in the event of death, disability, old age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act), shall receive an exemption from the tax imposed by this chapter with respect to services performed by him as such minister * * *. Notwithstanding the preceding sentence, an exemption may not be granted to an individual under this subsection if he had filed an effective waiver certificate under this section as it was in effect before its amendment in 1967. (2) Time *407 for filing application.--Any individual who desires to file an application pursuant to paragraph (1) must file such application on or before whichever of the following dates is later: (A) the due date of the return (including any extension thereof) for the second taxable year for which he has net earnings from self-employment (computed without regard to subsections (c)(4) and (c)(5)) of $400 or more, any part of which was derived from the performance of service described in subsection (c)(4) or (c)(5); or (B) the due date of the return (including any extension thereof) for his second taxable year ending after 1967. Petitioner contends that he has never "signed up" for coverage under the Social Security Act and that he was never informed of the change in the law requiring him to affirmatively apply for an exemption from such coverage by April 15, 1970. Respondent, on the other hand, points to the statutory time limitation contained in section 1402(e)(2) and argues that mere intent to qualify for an exemption, absent a technical filing thereof, is insufficient. We agree. Prior to 1968, ordained ministers were automatically excluded from Social Security coverage and from the self-employment *408 tax. Ministers could therefore elect coverage under Social Security as self-employed if they so desired. After 1967, Congress amended the law so that those clergy who were ineligible for coverage under the Social Security programs now had an opportunity to obtain such coverage unless they specifically opted out by obtaining a section 1402(e) exemption within a given time period. See. S. Rept. No. 744, 90th Cong., 1st Sess. 2, U.S. Code Cong. & Ad. News 2834 at 2887-88; Sec. 1.1402(c)-5(a)(2), Income Tax. Regs.
While we can sympathize with petitioner's dilemma, this Court does not have the authority to extend the period for filing an application for exemption under section 1402(e). That remedy must come from Congress and not from this Court. Moreover, petitioner's argument that he was uninformed of the amendment of section 1402(e) is without merit. It has been said many times that ignorance of law excuses no one. Thus, we must impute knowledge of the law to petitioner. [4] See Federal Crop Insurance Corp. v. Merrill,332 U.S. 380 (1947). *409 Petitioner also states that during the income tax audit for the taxable years in issue, the revenue agent informed petitioner that he was exempt from self-employment tax, which was consistent with the advice he had received during an audit in the sixties. It appears that petitioner is suggesting an estoppel argument occasioned by his reliance on the revenue agent's opinion. Such erroneous advice, however, does not estop respondent from determining deficiencies herein. See Neri v. Commissioner,54 T.C 767 (1970). In the instant case, petitioner had the option of filing his application for exemption by the later of either (1) the due date of the return (including any extensions) for the second taxable year after 1967--April 15, 1970 hereunder, or (2) the due date of the return (including any extensions) for the second taxable year for which he has "net earnings" of $400 or more, any part of which was derived from performance of service as a minister. [5] Unfortunately for petitioner, according to the requirements of section 1402(e), he would have had to file an application, at the latest, by April 15, 1970, (assuming an extension for filing the return had not *410 been granted), to be eligible for exemption from elf-employment tax. This petitioner did not do. Finally, petitioner's intent to file an application so that he would remain exempt, based upon purely conscientious or religious grounds, is not sufficient and we have so held. [6] Therefore, we find that petitioner, having failed to ile an application for exemption within the statutorily prescribed time, is liable for self-employment taxes for taxable years 1974, 1975 and 1976. As regards the second issue, petitioner did not contest or present any evidence on the partial disallowance of his deductions for work clothes, transportation, travel and entertainment and other business expenses, in his petition or on brief. Petitioner bears the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure. *411 Having failed in that burden we find for respondent on this issue. See Roberts v. Commissioner,62 T.C. 834, 836 (1974).
Accordingly, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise specified, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. McLanahan v. Commissioner,T.C. Memo. 1979-373; Woens v. Commissioner,T.C. Memo. 1977-233; Silvey v. Commissioner,T.C. Memo. 1976-401↩.
3. See, e.g., Engstrom v. Commissioner,T.C. Memo. 1980-41; Kelly v. Commissioner,T.C. Memo. 1980-37. As expressed by us in Silvey v. Commissioner, supra
Congress chose not to place the onus of participation in the old-age and survivors insurance program upon the churches, but to permit ministers to be covered on an individual election basis, as self employed, whether, in fact, they were employees or actually self employed. See S. Rept. No. 1987, 83d Cong., 2d Sess. (1954), 1954-2 C.B. 695, 701; H. Rept. No. 2679, 83d Cong., 2d Sess. (1954), 1954-2 C.B. 712, 714. Perhaps petitioner could wish us to substitute his judgment on this subject for Congress' mandate, but we cannot. "Any criticism provoked by it must be made to the lawmakers, not to the courts." Selected American Shares, Inc. v. United States [52-1 USTC P9301], 196 F.2d 473, 476↩ (7th Cir. 1952).
4. McLanahan v. Commissioner,T.C. Memo. 1979-373; Williams v. United States, 219 Ct. Cl.    , 43 AFTR 2d 79↩-919, 79-1 USTC par. 9279 (Ct. Cl. 1979).
5. Internal Revenue Service News Release, IR-1452, February 4, 1975, allowed ministers to file applications for exemption until February 27, 1975, if↩ they had not reported self-employment tax on their last income tax return filed before that date. Such is not the situation in the instant case.
6. See Woens v. Commissioner,T.C. Memo. 1977-233↩.