WILLIS R. HULL AND RUTH H. HULL, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hull v. Commissioner
Docket Nos. 669-80, 670-80, 6213-80.
United States Tax Court
T.C. Memo 1982-341; 1982 Tax Ct. Memo LEXIS 398; 44 T.C.M. (CCH) 166; T.C.M. (RIA) 82341; June 21, 1982. *398 Petitioner never filed any application for exemption from self-employment tax after 1967. Held, petitioner's request around 1960 to the Social Security Administration for refund of self-employment taxes does not constitute a proper assertion of exemption under sec. 1402(e), I.R.C. 1954. Held further, application of the self-employment tax does not violate petitioner's First Amendment rights. Henson v. Commissioner,66 T.C. 835, 838 (1976). Held further, the time requirements for filing an application provided in sec. 1402(e)(2) do not violate the Fifth Amendment. Charles E. Craze,Daniel J. Loomis, and Brian Thompson, for the petitioners. Kristine A. Roth, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notices of deficiency dated October 16, 1979 in docket Nos. 669-80 and 670-80, and dated February 5, 1980 in docket No. 6213-80, respondent determined deficiencies as follows: Taxable Year
Docket No.
Petitioner
Ended Dec. 31,
Deficiency
669-80
Willis R. Hull and
1976
$1,135.78
Ruth H. Hull
670-80
Willis R. Hull and
1977
693.00
Ruth H. Hull
6213-80
Willis R. Hull and
1978
1,433.70
Ruth H. Hull
These cases have been consolidated for the purposes of trial, briefing and opinion. The issues for our decision are whether petitioner made timely application for exemption from payment of self-employment taxes *400 and whether the self-employment tax provisions are constitutional and have been constitutionally applied. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Willis R. Hull and Ruth H. Hull, husband and wife, resided in Elyria, Ohio at the time of filing their petitions. They filed joint Federal income tax returns for the calendar years 1976, 1977 and 1978 with the Internal Revenue Service Center at Cincinnati, Ohio. Ruth H. Hull is a party herein solely by reason of her filing joint returns with Willis R. Hull (hereinafter petitioner). Petitioner was ordained as a minister in 1956 and presently is the pastor of the First Baptist Church of Elyria, Ohio. The first year in which petitioner earned self-employment income by reason of his services as an ordained minister was 1956. Petitioner received more than $400 of self-employment income from his position as pastor of the First Baptist Church of Elyria in each of the taxable years 1976, 1977 and 1978. Petitioner has not filed a Form 4361, Application for Exemption from Self-Employment *401 Tax. At some time around 1960, petitioner applied for a refund of all self-employment taxes that he had paid on income earned since ordination. He attended a conference with representatives of the Social Security Administration, and received a refund check of self-employment taxes. With respect to his services as a minister, petitioner is opposed to the payment of money for or acceptance of the benefits of public insurance that makes payment in the event of death, disability, old-age or retirement, or makes payments toward the cost of, or provides services for, medical care. In his notices of deficiency, respondent determined that petitioner is liable for deficiencies in self-employment taxes. The income upon which the deficiencies were determined arose from services performed by petitioner as a minister. OPINION The first issue for our decision is whether petitioner made a timely application for exemption from payment of self-employment taxes. Petitioner claims that the application that he filed prior to 1968, in which he requested a refund of self-employment taxes, constitutes an assertion of exemption and should be treated as an application under the terms of the *402 Code. Section 1402(e) provides, in part, as follows: SEC. 1402. DEFINITIONS. (e) Ministers, Members of Religious Orders, and Christian Science Practitioners.-- (1) Exemption.--Any individual who is (A) a duly ordained, commissioned, or licensed minister of a church or a member of a religious order (other than a member of a religious order who has taken a vow of poverty as a member of such order) or (B) a Christian Science practitioner, upon filing an application (in such form and manner, and with such official, as may be prescribed by regulations made under this chapter) together with a statement that either he is conscientiously opposed to, or because of religious principles he is opposed to, the acceptance (with respect to services performed by him as such minister, member, or practitioner) of any public insurance which makes payments in the event of death, disability, old age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act), shall receive an exemption from the tax imposed by this chapter with respect to services performed by him as such minister, *403 member, or practitioner. Notwithstanding the preceding sentence, an exemption may not be granted to an individual under this subsection if he had filed an effective waiver certificate under this section as it was in effect before its amendment in 1967. (2) Time for filing application.--Any individual who desires to file an application pursuant to paragraph (1) must file such application on or before whichever of the following dates is later: (A) the due date of the return (including any extension thereof) for the second taxable year for which he has net earnings from self-employment (computed without regard to subsections (c)(4) and (c)(5)) of $400 or more, any part of which was derived from the performance of service described in subsection (c)(4) or (c)(5); or (B) the due date of the return (including any extension thereof) for his second taxable year ending after 1967. The regulations make clear that a minister who was ordained prior to 1968, and who earned more than $400 from his service as a minister in each of 2 years prior to 1968, must file an application for exemption on or before the due date for his income tax return of his second year after 1967 (i.e., 1969). See *404 section 1.1402(e)-3A(a)(1), (3) example (1). The parties have stipulated that petitioner did not file an application for exemption. Thus, petitioner has not satisfied the requirements of the Code and the regulations for exemption from self-employment tax. Nonetheless, petitioner alleges that his request to the Social Security Administration around 1960 for refund of self-employment taxes constitutes an assertion of exemption from the payment of self-employment taxes. Further, he contends that the refund by the Social Security Administration of self-employment taxes that he had already paid constitutes an acceptance and recognition by the Internal Revenue Service of his exempt status. We do not agree. The self-employment tax provided in section 1401 is applicable to petitioner unless he obtains an exemption therefrom. Section 1402(e) and the accompanying regulations set up comprehensive and mandatory procedures to be followed by ministers who are seeking exemptions. See Strang v. United States, an unreported case ( E.D. Mich. 1976, 39 AFTR 2d 77-624, 77-1 USTC par. 9370), revd. and remanded on other grounds, 591 F.2d 381 (6th Cir. 1979). [1] Petitioner *405 did not follow those procedures and now attempts to have us find that the Commissioner of Internal Revenue is estopped from enforcing the self-employment tax provisions on the basis of an incident that allegedly took place some 22 years ago between petitioner and Social Security Administration personnel. This we are not prepared to do. As petitioner was already in the ministry in 1968, he had 2 years (until April 15, 1970) to obtain an exemption. Since he failed to do so, we find that petitioner did not satisfy the requirements of section 1402(e) for exemption from payment of self-employment taxes. Next, petitioner claims that the requirement that he pay self-employment taxes on his income as a minister violates his First Amendment right to free exercise of religion. This Court has considered and rejected such argument both in the past, Henson v. Commissioner,66 T.C. 835 (1976); Palmer v. Commissioner,52 T.C. 310 (1969), and in other opinions *406 issued today. See Moore v. Commissioner,T.C. Memo. 1982-347; Boone v. Commissioner,T.C. Memo. 1982-345; Olsen v. Commissioner,T.C. Memo. 1982-340. We adhere to to our reasoning in those cases and see no reason to reverse our position in this case. Finally, petitioner asserts that because the time requirements of section 1402(e) differ from the time requirements of section 1402(g)(2), his rights to equal protection of the laws and due process of law under the Fifth Amendment have been violated. We have in the past rejected the same legal arguments put forth by petitioner, see Henson v. Commissioner,supra at 840; Olsen v. Commissioner,T.C. Memo. 1982-340, and continue to do so here. Accordingly, Decisions will be entered for the respondent.
Footnotes
1. See also Allinson v. Commissioner,T.C. Memo. 1979-405; McLanahan v. Commissioner,T.C. Memo. 1979-373; Owens v. Commissioner,T.C. Memo. 1977-233↩.