JULIA C. HENSON, PETITIONER [1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 8283-74, 296-75.    Filed August 5, 1976.

*Ilbert Phillips,* for the petitioner.
*Stephen W. Simpson* and *James D. Vandever,* for the respondent.

### OPINION

DRENNEN, *Judge:* Respondent determined deficiencies in petitioner's income tax for the years 1972 and 1973 in the respective amounts of $226 and $681. The sole issue presented is whether petitioner is liable for the tax on self-employment income under sections 1401 and 1402, I.R.C. 1954,[2] for the years at issue.

---

[1] Julia C. Henson is the petitioner in both cases, which were consolidated for trial, briefing, and opinion.
[2] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.

All of the facts have been stipulated and are summarized below. The stipulation of facts together with exhibits attached thereto are incorporated herein by this reference.

Petitioner Julia C. Henson maintained her legal residence in Los Angeles, Calif., at the time of filing the petition herein. Petitioner filed timely Federal income tax returns for the taxable years 1972 and 1973 with the Internal Revenue Service in Fresno, Calif.

During the taxable years at issue petitioner was a self-employed bookkeeper. She earned $3,012.75 in 1972 and $8,511.25 in 1973, of "self-employment income" within the meaning of section 1402(b), but paid no self-employment taxes for either of those years.

Respondent determined deficiencies in petitioner's income tax based upon her liability for self-employment tax and issued notices of deficiency on July 16, 1974, for the taxable year 1972 and on October 11, 1974, for the taxable year 1973.

On August 15, 1973, petitioner filed T.D. Form 4029 (Application for Exemption from Tax on Self-Employment Income), based upon her membership in the Sai Baba Society. The Social Security Administration considered petitioner's application and recommended that it be disapproved. On January 6, 1976, petitioner's application was formally disapproved by the District Director of the Fresno Internal Revenue Service Center.

Since December 1972 petitioner has been a devotee of Sai Baba. Sai Baba is a living religious figure in the Country of India who was born on November 23, 1926, and was worshiped as a holy figure before December 31, 1950. Some of the teachings of Sai Baba have been translated and are contained in seven volumes entitled "Sathya Sai Speaks." One of the tenets and teachings of Sai Baba is that individuals should rely upon God to provide their needs rather than on public or private institutions of man.

As an adherent to and based on the tenets and teachings of Sai Baba, petitioner is opposed to the acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old age, or retirement, or which makes payments toward the cost of, or provides services for, medical care. Petitioner is conscientiously opposed to any form of insurance since she feels that it is detrimental to her spiritual

growth and her relationship with God. Petitioner was conscientiously opposed to any form of insurance or public assistance prior to becoming a devotee of Sai Baba, but it was her exposure to Sai Baba's teachings that gave her the strength to take a firm stand on the matter. Petitioner does not carry any form of public or private insurance which would make payment in the event of her death, disability, retirement, or old age, nor does she carry medical care insurance. However, petitioner does provide insurance for her employees and does recommend insurance to her clients who are not devotees of Sai Baba.

Petitioner has no religious scruples against payment of taxes, except those which are designed to provide insurance or insurance benefits.

It is not the practice of the Sai Baba Society to make reasonable provisions for its dependent members in view of the general level of living of such members. Apparently, this was the basis for respondent's deficiency determination.

Section 1402(h)[3] provides an exemption from the imposition of the self-employment tax. Under subsection (h)(1)(D) one of the stated requirements which must be satisfied to come within the terms of the exemption is a finding by the Secretary of Health, Education, and Welfare that "it is the practice, and has been for a period of time which he deems to be substantial, for members of [the claimed religious] sect or division thereof to make provision for their dependent member which in his judgment is reasonable in view of their general level of living."

Obviously, petitioner does not meet the requirements for exemption under section 1402(h)(1)(D) because it is stipulated

---

[3] (h) MEMBERS OF CERTAIN RELIGIOUS FAITHS.—

(1) EXEMPTION.—Any individual may file an application (in such form and manner, and with such official, as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by—
      * * *
and only if the Secretary of Health, Education, and Welfare finds that—
      * * *
      (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, * * *

that the Sai Baba Society does not provide for its dependent members. Petitioner does not contend otherwise. However, she does contend that somehow this Court should ignore or eliminate the requirement of paragraph (D) and conclude that she does qualify for exemption under section 1402(h). This we cannot do; Congress enacted the provision and we cannot write it out of the law.

Petitioner also levels an attack upon this Code section based on provisions of articles I and V of the Constitution of the United States.[4] Essentially, petitioner makes three arguments in support of her views: (1) That the exemption provided in section 1402(h) is unconstitutionally narrow since it is limited to members of religious sects which make reasonable provisions for their dependent members and thus unlawfully discriminates against petitioner in violation of the fifth amendment; (2) that the inclusion of members of certain religious sects within the exemption and the exclusion of members of other religious sects serves to advance the included religions in violation of the establishment clause of the first amendment; and (3) that petitioner is denied the right not to participate in the Social Security insurance program while members of other religious groups with the same beliefs can refuse to participate in violation of petitioner's rights under the free exercise clause of the first amendment.

This Court has previously considered the arguments made herein by petitioner in *William E. Palmer,* 52 T.C. 310 (1969), and several subsequent Memorandum Opinions[5] and has upheld the constitutionality of the statute. In *Palmer* we recognized that the Social Security Act had been held to be constitutional and went on to hold that this particular tax did not constitute an unlawful encroachment upon the free exercise of the taxpayer's religion. We also concluded that the exemption provisions of section 1402(h) were not unconstitutional as violative of due process of law because they were in keeping with the acknowledged authority of Congress to provide for the overall public welfare through the Social Security Act; Congress has

---

[4] Art. I: Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; * * *

Art. V: No person shall be * * * deprived of life, liberty, or property, without due process of law; * * *

[5] *Alan Lerner,* T.C. Memo. 1975-60; *Ronald E. Randolph,* T.C. Memo. 1969-289; see *Leonard H. Church,* T.C. Memo. 1970-146.

great latitude in formulating classifications within a taxing statute and the classifications provided in section 1402(h) are not so arbitrary as to be violative of due process of law.

Petitioner's attempt to distinguish the facts herein from those in *Palmer* is futile. We perceive no distinction herein which would require a different analysis or conclusion from that in our prior decisions; nor do we perceive any reason to disturb our prior holdings, which we will continue to follow.

The only argument made by petitioner which warrants further discussion concerns the existence of separate exemptions in subsection (e)[6] of section 1402. Petitioner argues that the provisions of section 1402(h) violate her fifth amendment right to due process of law because they impose requirements necessary to obtain an exemption from self-employment tax which are not required in the case of an individual seeking an exemption under section 1402(e) who falls within the classification of people described in that subsection. We do not agree.

Section 1402(e) prescribes the conditions under which an individual who is "(A) a duly ordained, commissioned, or licensed minister of a church or a member of a religious order * * * or (B) a Christian Science practitioner" may obtain an exemption from self-employment tax imposed on income received *"with respect to services performed by him as such minister, member, or practitioner."* (Emphasis supplied.) This subsection was added to the Code by section 201(c) of the Social Security Amendments of 1954.[7] In promulgating this exception the Senate Finance Committee indicated its basis for establishing the classification thereunder: an attempt to prevent interference with the well-established principle of separation of church and state. See S.Rept. No. 1987, 83d Cong., 2d Sess., 1954-2 C.B. 695, 701 (1954). A tax based on the compensation paid to a minister by his church might defeat that objective. But a tax based on petitioner's income as a bookkeeper would not constitute such an impediment. Furthermore, in *Carmichael v. Southern Coal Co.,* 301 U.S. 495 (1937), the Supreme Court said at page 509:

---

[6] SEC. 1402(e). MINISTERS, MEMBERS OF RELIGIOUS ORDERS, AND CHRISTIAN SCIENCE PRACTITIONERS.—

(1) EXEMPTION.—Any individual who is (A) a duly ordained, commissioned, or licensed minister of a church or a member of a religious order * * * upon filing an application * * * together with a statement that either he is conscientiously opposed to * * * acceptance * * * of any public insurance [etc.] * * * shall receive an exemption from the tax * * *

[7] Pub. L. No. 761.

It is inherent in the exercise of the power to tax that a state be free to select the subjects of taxation and to grant exemptions. * * * This Court has repeatedly held that inequalities which result from a singling out of one particular class for taxation or exemption; infringe no constitutional limitation. * * *

We find that the different requirements for exemption from tax provided for the different classifications under sections 1402(e) and (h) have a rational basis and do not arbitrarily deprive petitioner of her right to due process of law. See *Abney v. Campbell,* 206 F.2d 836 (5th Cir. 1953), cert. denied 346 U.S. 924 (1954). Nor do they provide for "an establishment of religion" or interfere with petitioner's "free exercise" of her religion. See *William E. Palmer, supra,* and the Memorandum Opinions following *Palmer* cited in n. 5.

*Decisions will be entered for the respondent.*