CHARLES T. STEWART AND CAROLYN STEWART, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stewart v. Commissioner
Docket No. 1332-78.
United States Tax Court
T.C. Memo 1979-287; 1979 Tax Ct. Memo LEXIS 237; 38 T.C.M. (CCH) 1120; T.C.M. (RIA) 79287; July 31, 1979, Filed Charles T. Stewart, pro se. Charles O. Cobb, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $1,113.90 in petitioners' Federal income tax for the year 1975. The two issues presented for decision are (1) whether petitioner Charles T. Stewart is liable for the tax on self-employment income under sections 1401 and 1402, Internal Revenue Code, [1] for the year 1975; and (2) whether the self-employment tax and the limitations upon the exemption provided by section 1402(g) are unconstitutional as an impermissible restraint on religious freedom. All of the facts are stipulated and so found. The pertinent facts are summarized below. Petitioners are husband and wife who were legal residents of Long Beach, California, when they filed their petition in this case. They filed a timely joint Federal income tax return for the taxable year 1975 with the Internal Revenue Service Center at Fresno, *239 California. Charles T. Stewart (petitioner) is a self-employed person who operates a retail sewing machine business under the name Don's Vac & Sew. The business is located in Long Beach, California. His net income from this business in 1975 was $21,915.96, as shown on line 21 of the Schedule C attached to the petitioners' joint return. Petitioner paid no self-employment tax for the taxable year 1975. Line 59 of the petitioners' 1975 joint return, the line on which self-employment tax is shown, bears the notation, "Exempt Form 4029." Petitioner filed a Form 4029, Application for Exemption From Tax on Self-Employment Income and Waiver of Benefits, with the Internal Revenue Service Center at Fresno, California, on April 5, 1976. It was originally disapproved by the Director of the Internal Revenue Service Center at Fresno, California, on the ground that it was not timely. This disapproval, however, was reconsidered and the Form 4029 was submitted to the Social Security Administration. Upon the advice of the Social Security Administration, the Form 4029 was again disapproved on the ground that the religious organization to which petitioner belongs does not meet the requirements *240 of section 1402(g)(1)(C) and (D) (formerly section 1402(h)(1)(C) and (D). Petitioner is a member of the Assemblies of God. The Assemblies of God has been in existence at all times since December 31, 1950, and it has no established tenet or teaching with respect to the acceptance of the benefits of public or private insurance. It is not the practice of the members of the Assemblies of God to make provision for their dependent members in accordance with their general standard of living. It is, however, the petitioner's strong belief, based on the teachings of the Bible, that an individual should rely upon God for his needs and not the public and private institutions of man. For this reason the petitioner is conscientiously opposed to the acceptance of the benefits of public and private insurance. The petitioners do not carry any form of public or private insurance which would make payment in the event of death, disability, retirement or old age nor do they carry any form of insurance which would make payments toward the cost of medical care. But they have purchased real property which would provide for them and their family in the event of death, disability, retirement or old *241 age. Petitioner acknowledges that he does not fall within the precise terms of the exemption of section 1402(g)[2]. He contends, however, with the utmost candor and sincerity, that the provisions of the Social Security Act unconstitutionally restrict the free exercise of his religion by compelling him to participate in a life insurance program. He asserts that the exemption of section 1402(g) is too narrow in scope since it extends a right or privilege to certain groups to the exclusion of "an individual who has provided" for his own Social Security. *242 This Court has previously considered the arguments made herein by the petitioner. In Palmer v. Commissioner,52 T.C. 310 (1969), and more recently in Henson v. Commissioner,66 T.C. 835 (1976), [3] we hpheld the constitutionality of the statute. In Palmer we recognized that the Social Security Act had been held to be constitutional and that the particular tax did not constitute an unlawful encroachment upon the free exercise of the taxpayer's religion. We also concluded that the exemption provisions of section 1402(h) [now section 1402(g)] were not unconstitutional as violative of due process of law because they were in keeping with the acknowledged authority of Congress to provide for the overall public welfare through the Social Security Act. Congress has great latitude in formulating classifications within a taxing statute and the classifications provided in section 1402(g) are not so arbitrary as to be violative of due process of law. *243 We perceive no distinction in this case which would require a different analysis or conclusion from that reached in our prior opinions. We will continue to follow them. Accordingly, we hold that the petitioner does not qualify for the exemption from self-employment tax since the religious organization to which he belongs does not meet the requirement of section 1402 (g) (1) (C) and (D). He is therefore liable for the tax on self-employment income under sections 1401(a) and 1402(a). Decision will be entered for the respondent. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. SEC. 1402. DEFINITIONS. (a) Net Earnings From Self-Employment. -- The term "net earnings from self-employment" means the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business, * * * * * *
(g) Members of Certain Religious Faiths. -- (1) Exemption. -- Any individual may file an application (in such form and manner, and with such official, as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which make payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by -- (A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary may require for purposes of determining such individual's compliance with the preceding sentence, and (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person, and only if the Secretary of Health, Education, and Welfare finds that -- (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence. (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and (E) such sect or division thereof has been in existence at all times since December 31, 1950.↩
3. See also Lerner v. Commissioner,T.C. Memo. 1975-60; Church v. Commissioner,T.C. Memo. 1970-146; Krom v. Commissioner,T.C. Memo. 1978-230; Jaggard v. Commissioner,T.C. Memo. 1978-78↩.