HERMAN STOFFELS AND NELL J. STOFFELS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stoffels v. Commissioner
Docket No. 9896-78.
United States Tax Court
T.C. Memo 1979-295; 1979 Tax Ct. Memo LEXIS 232; 38 T.C.M. (CCH) 1154; T.C.M. (RIA) 79295; August 3, 1979, Filed Elizabeth D. DePriest and Michael R. Morris, for respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, *233 Jr., for hearing and disposition of respondent's motion for summary judgment pursuant to the provisions of section 7456(c), Internal Revenue Code of 1954, as amended. The Court agrees with and adopts his opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure. There was no appearance by or on behalf of petitioners when the motion came on for hearing on July 11, 1979, at Motions Session. Respondent appeared by his counsel and argued in support of his motion. At the conclusion of the hearing, the motion was taken under advisement. Respondent determined a deficiency under section 1401 [1] of $1208.70 in the petitioners' Federal income tax for the year 1976. This deficiency represented a tax on Herman Stoffels' income as a self-employed chiropractor, which the petitioners had failed to calculate on their 1976 return. On August 25, 1978, petitioners filed a petition with this Court, alleging error in respondent's determination of the deficiency. Subsequently, on January 17, 1979, the *234 Court granted petitioners' motion for leave to amend their petition. Rule 121 of the Tax Court Rules of Practice and Procedure, which was adopted from Rule 56 of the Federal Rules of Civil Procedure, provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact for decision. The instant case does not present such factual issues since the petitioners' sole argument is that the Social Security System is unconstitutional. Specifically, the petitioners contend that the respondent's determination of a deficiency under section 1401 violated their rights under the First Amendment and the Due Process Clause (contained in the Fifth Amendment) of the United States Constitution. Respondent's motion for summary judgment should be granted, since the constitutional validity of section 1401 is firmly established. First Amendment argument: Petitioners argue that the exemption from the self-employment tax of *235 section 1401 extended by section 1402(h) [2] to "members of certain religious faiths" conflicts with the establishment and free exercise clauses of the First Amendment. However, as stated in Henson v. Commissioner, 66 T.C. 835, 838 (1976): This Court has previously considered the arguments made herein by petitioners in William E. Palmer, 52 T.C. 310 (1969), and several subsequent Memorandum Opinions [5] and has upheld the constitutionality of the statute. In Palmer we recognized that the Social Security Act had been held to be constitutional and went on to hold that this particular tax did not constitute an unlawful encroachment upon the free exercise of the taxpayer's religion. * * * Due Process (Equal Protection) argument: The petitioners correctly *236 state that the Due Process clause of the Fifth Amendment implicitly makes Federal action vulnerable to an equal protection-type argument. See Bolling v. Sharpe, 347 U.S. 497 (1954). However, in Carmichael v. Southern Coal Co., 301 U.S. 495, 509 (1937), the Supreme Court observed that a state's power to tax includes both the power to select the subjects of taxation and to grant exemptions. Accordingly, "inequalities which result from a singling out of one particular class for taxation or exemption, infringe no constitutional limitation." Moreover, this Court specifically addressed the constitutionality of section 1402(h) in Henson v. Commissioner, supra at 838-39, and concluded that "Congress has great latitude in formulating classifications provided within a taxing statute and the classifications provided in section 1402 (h) are not so arbitrary as to be violative of due process of law." Since there are no issues of fact present in this case, and since the respondent has demonstrated that he is entitled to prevail as a matter of law, it follows that respondent's motion should be granted. An order and decisionwill be *237 entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during 1976, unless otherwise indicated.↩
2. Section 1402 (h) was redesignated Section 1402 (g) by the Tax Reform Act of 1976 for taxable years beginning after December 31, 1976.↩
5. Alan Lerner, T.C. Memo. 1975-66; Ronald E. Randolph, T.C. Memo. 1970-289; see Leonard H. Church, T.C. Memo. 1970-146. [See also Schwartz v. Commissioner, T.C. Memo. 1978-470↩.]