JOSEPH EDELSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent HARRIET EDELSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Edelson v. Commissioner
Docket Nos. 4838-77, 4845-77, 8814-77
United States Tax Court
T.C. Memo 1979-431; 1979 Tax Ct. Memo LEXIS 92; 39 T.C.M. (CCH) 380; T.C.M. (RIA) 79431; October 23, 1979, Filed David L. Rutherford, for the petitioners. Robert B. Marino, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: Respondent determined deficiencies in petitioners' self-employment tax as follows: Year
Docket No.
Petitioner
Deficiency
1973
4838-77
Joseph Edelson
$813.00
1973
4845-77
Harriet Edelson
813.00
1974
8814-77
Joseph Edelson
1,119.82 [1]
Petitioners filed joint income tax returns for both years. At the time of the filing of the petitions, both resided at 33 Eastbrook Drive, River Edge, New Jersey. The three cases were consolidated for purposes of trial, briefing and opinion. The findings of fact result from admissions made by petitioners. [2]
*94 Initially, petitioners raised various constitutional objections in their petitions. As a result of petitioners' admissions and the amending of the petitions in each case, the sole issue for our determination is whether petitioners [3] are liable for the tax on self-employment income under sections 1401 and 1402. [4]
During the years in question, petitioner, Joseph Edelson, was a self-employed real estate and insurance broker. In 1973, Joseph Edelson had net earnings from self-employment as an insurance broker of $506.00 and as a real estate broker of $17,222.00. In 1974, Joseph Edelson had *95 net earnings as an insurance broker of $334.00 and as a real estate broker of $13,831.00. During 1973 and 1974, neither Joseph nor Harriet Edelson were members of a recognized religious sect whose teachings are opposed to the acceptance of any benefits of any private or public insurance (including benefits established by the Social Security Act). In addition, during the years in question, neither of the petitioners were ministers, members of a religious order or Christian Science practitioners. Section 1401 imposes a tax on the self-employment income of every individual. Section 1402(h) provides in part: (h) Members of Certain Religious Faiths.-- (1) Exemption.--Any individual may file an application (in such form and manner, and with such official, as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which make payments in the event of death, disability, *96 old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by-- (A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary or his delegate may require for purposes of determining such individual's compliance with the preceding sentence, and (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person, and only if the Secretary of Health, Education, and Welfare finds that-- (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence, (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members *97 which in his judgment is reasonable in view of their general level of living, and (E) such sect or division thereof has been in existence at all times since December 31, 1950. An exemption may not be granted to any individual if any benefit or other payment referred to in subparagraph (B) became payable (or, but for section 203 or 222(b) of the Social Security Act, would have become payable) at or before the time of the filing of such waiver. Petitioners contend that this exemption is unconstitutional in that it violates the establishment clause of the First Amendment to the United States Constitution. Petitioners claim that they are conscientiously opposed to the acceptance of benefits from any public program which makes payments in the event of death, disability, old age or retirement or makes payments toward the cost of medical care. Further, they assert that they have made an effective waiver of their rights to receive benefits under any provision of the Social Security Act. Since the exemption in section 1402(h) only extends to members of those religious sects recognized as a body to hold tenets opposing the self-employment tax, petitioners argue that their right *98 to the free exercise of religion is violated. No evidence was presented by petitioners with respect to either their conscientious objections or their waiver of rights to receive benefits. Regardless, even if petitioners had established these facts their contenions are without merit. The argument that the self-employment tax conflicts with the free exercise or establishment clauses of the First Amendment has previously been considered and rejected by this Court. Henson v. Commissioner, 66 T.C. 835 (1976); Palmer v. Commissioner, 52 T.C. 310 (1969). In both of those cases we held that the particular classification of the exemption did not place such a direct burden on the free exercise of religion as to be unconstitutional. Petitioner's reliance on United States v. Seeger, 380 U.S. 163 (1965), Welsh v. United States, 398 U.S. 333 (1970) and Sherbert v. Verner, 374 U.S. 398 (1963) is misplaced. Those cases dealt with direct burdens placed on the exercise of religious beliefs: military service (seeger and Welsh) and denial of unemployment benefits (Sherbert). No direct burden on *99 petitioner's free exercise of religion is found here. We discern no reason to disturb the holdings of our prior cases. Decisions will be entered for the Respondent. Footnotes
1. Respondent concedes that the amount of employment taxes due from the petitioner, Joseph Edelson, for the year 1974 is $1,042.80.↩
2. Respondent served upon the petitioners a demand for admissions on June 21, 1978. Petitioner Joseph Edelson responded with answers by letter on July 18, 1978. Petitioner Harriet Edelson failed to respond to the demand for admissions and under Rule 90(c), Tax Court Rules of Practice and Procedure, the statements of fact in the request are deemed admitted with respect to her. See Freedson v. Commissioner, 65 T.C. 333↩ (1975).
3. Joint deficiency notices were sent to petitioners for 1973 and 1974. Since joint returns were filed, petitioners are jointly and severally liable for the self-employment taxes due. Section 6013(d)(3), section 1.6017-1(b)(2), Income Tax Regs.↩ Although a valid joint petition was filed for 1973, because Harriet Edelson failed to execute or verify the 1974 petition, the case in Docket No. 8814-77 only relates to Joseph Edelson. 4. Unless otherwise provided, all section references are to the Internal Revenue Code of 1954, as amended, and in effect during the taxable years at issue.↩