MARVIN CLYDE FAULKNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Faulkner v. Commissioner
Docket No. 13154-78.
United States Tax Court
T.C. Memo 1980-124; 1980 Tax Ct. Memo LEXIS 463; 40 T.C.M. (CCH) 182; T.C.M. (RIA) 80124; April 17, 1980, Filed Herman D. Brandon, for the petitioner. Juandell D. Glass, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: This case is before us on respondent's motion for summary judgment. There are no disputed facts and petitioner agrees that the case can be disposed of on respondent's motion. The issue is whether petitioner is liable for self-employment tax in the amounts determined by respondent of $618.72 and $854.35 for the taxable years 1974 and 1975, respectively. Petitioner had his legal residence in Oklahoma City, Okla., at the time he filed his petition herein. His 1974 and 1975 Federal income tax returns were filed with the Internal Revenue Service, Oklahoma City, Okla., on May 10, 1976, and April 15, 1976, respectively. *464 Petitioner had self-employment income as an attorney in the amounts of $7,831.86 for the taxable year 1974 and $10,814.59 for the taxable year 1975. Attached to each of petitioner's 1974 and 1975 returns was a Form 4029, being an Application for Exemption from Tax on Self-Employment Income and Waiver of Benefits. Both forms showed April 15, 1976, as the date of execution and merely stated that petitioner had continuously been a member of "First Amendment United States Constitution; Title 26 U.S.C.A. § 1402(h)." The space for the date of inception of such membership was left blank. It appears that a Form 4029 was filed by petitioner with respondent prior to June 3, 1976, and was returned to petitioner on that date with a covering letter stating that the form could not be processed as submitted, enclosing another set of forms to be completed, and specifying that the name of the religious group, district, location, etc., must be provided and every blank space completed. On January 18, 1977, the Form 4029 attached to petitioner's 1975 return was sent back to petitioner with a letter stating that it had no validity as filed and enclosing a copy of a letter *465 requesting a completed form (presumably the letter dated June 3, 1976). On May 4, 1977, respondent, by certified mail, notified petitioner that his application for exemption had been disapproved because he did "not meet the requirements for exemption under section 1402(h) of the Internal Revenue Code" in that respondent was "unable to make a finding of the group status as stated in this section of the Code." On June 1, 1977, in response to petitioner's request for a list of approved religious sects or divisions, the Director of the Bureau of Retirement and Survivors Insurance, Social Security Administration, Department of Health, Education and Welfare, set forth the requirements of section 1402(h). [1]
Petitioner's counsel stated at the time the motion for summary judgment was submitted on November 27, 1979, that he wished to file a brief. The original due date for petitioner's brief was January 28, 1980. In a motion for extension *466 of time to file petitioner's brief, counsel stated that the "issues involved herein are that primarily of a Constitutional nature and require extensive research." His requested 30-day extension was granted. When no brief was received at the end of the 30-day period, the Court wrote petitioner's counsel that if a brief was not received by March 31, 1980, the Court intended to proceed to dispose of respondent's motion without benefit of briefs. To date, petitioner has not filed a brief. We have gleaned, as best we can from the petition and petitioner's response to respondent's motion for summary judgment the arguments upon which petitioner apparently bases his case. We find them totally without merit. Section 1402(h) (now (g)) sets forth in considerable detail the requirements which an individual must meet in order to obtain exemption from the self-employment tax as a member of a "recognized religious sect or division thereof." These requirements are further spelled out in respondent's regulations. See section 1.1402(h)-1, Income Tax Regs.
The petition alleges that the name of the religious sect or division thereof was omitted from Form 4029 because the requirement of such *467 designation was in violation of the First Amendment to the United States Constitution and further that the recognition or nonrecognition of "said [sic] religious sect or division thereof by the Secretary of Health, Education, and Welfare [was] arbitrary and discriminatory." Petitioner's response to respondent's motion also relies on the Fifth Amendment, claiming a denial of due process. We reject these contentions. That section 1402(h) does not violate the First or Fifth Amendments has long since been established. Henson v. Commissioner,66 T.C. 835, 838-839 (1976); Palmer v. Commissioner,52 T.C. 310 (1969). [2]
Nor can we find any basis whatsoever to support the contention that the Secretary of Health, Education, and Welfare has acted in an arbitrary or discriminatory fashion. In this latter connection, petitioner, in his response to respondent's motion, asserts that the Secretary of Health, Education, and Welfare was required to define what qualifies as a religious *468 sect, thereby prohibiting petitioner from qualifying under section 1402(h). We find nothing in the applicable statutory provisions imposing any requirement of definition upon the Secretary of Health, Education, and Welfare. The exemption provided in section 1402(h) is directed to individuals, and respondent's regulations provide guidelines for qualification. See section 1.1402(h)-1, Income Tax Regs. Accordingly, we reject this argument as well. Finally, we note that it seems clear that petitioner did not file a timely application. He executed his application on April 15, 1976, and it could hardly have been filed prior to that date. He received self-employment income at least as early as 1974. Under section 1402(h)(2), his application should have been filed no later than April 15, 1975. [3] The time limitation is mandatory and must be strictly complied with. See section 1.1402(h)-1(c)(2), Income Tax Regs.
Respondent's motion is granted and An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years at issue. We note that subsection (h) of section 1402↩ is now subsection (g).
2. See also Melton v. Commissioner,T.C. Memo. 1979-488; Travis v. Commissioner,T.C. Memo. 1979-483↩, and cases collected in n. 6 thereof.
3. See Owens v. Commissioner,T.C. Memo. 1977-233. Cf. Allinson v. Commissioner,T.C. Memo. 1979-405↩.