LUCILLE SCHWARTZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schwartz v. Commissioner
Docket No. 10500-78
United States Tax Court
T.C. Memo 1981-116; 1981 Tax Ct. Memo LEXIS 627; 41 T.C.M. (CCH) 1088; T.C.M. (RIA) 81116; March 12, 1981. Lucille Schwartz, pro se. Theodore F. Brill, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $ 725.58 deficiency in petitioner's 1975 income tax return. The sold issue for determination is whether petitioner is liable for the self-employment tax under section *628 1401. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. At the time she filed her petition, petitioner resided in Boca Raton, Florida. Petitioner filed timely a 1975 joint tax return with her husband, Arthur Schwartz, who is not a party to this case. During 1975 petitioner received $ 9,184.57 of self-employment income [2] for realty management services. These services included collecting rents, picking up mail, doing office work, banking and performing other miscellaneous duties. On March 30, 1976, petitioner filed an application for an exemption from tax on self-employment income and waiver of benefits (Form 4029) with the Internal Revenue Service. She based her request for exemption on her membership in the Temple Eternal Light, Congregation New Tamid. Petitioner is a member of the Jewish faith. In a letter dated November 17, 1976, the Internal Revenue Service denied petitioner's request *629 for an exemption. This letter stated: You do not meet the requirements for exemption under section 1402(h) of the Internal Revenue Code because--The sect or division thereof does not have the established tenets or teachings referred to in section 1402(h)(1)(c) of the Internal Revenue Code. In his statutory notice, respondent determined that petitioner owed $ 725.58 for self-employment taxes on her earnings as a realty manager. OPINION Petitioner bears the burden of proving her entitlement to an exemption under section 1402(h). Rule 142(a), Tax Court Rules of Practice and Procedure.
When this case was called for trial, petitioner declined to present any testimonial evidence on her behalf. Consequently, the only evidence properly introduced in this case has been the parties' stipulation and miscellaneous exhibits. We have gleaned, as best we can from the petition and petitioner's brief, the arguments upon which petitioner apparently bases her case. These arguments are: (1) section 1402(h) violates the free exercise and establishment clauses of the first amendment; (2) section 1402(h) does not adequately take into account *630 the personal beliefs of the taxpayer; (3) section 1402(h) violates the principle of equal protection as embodied in the fifth amendment; (4) the Secretary of Health, Education and Welfare arbitrarily, summarily and discriminatorily denied petitioner's application for an exemption; and (5) petitioner's religious sect qualifies for an exemption under section 1402(h). At the outset we note that petitioner has been before this Court on one prior occasion at which time she contested the applicability of the self-employment tax to her 1974 earnings. See Schwartz v. Commissioner,T.C. Memo. 1978-470 (1978). [3] In that prior proceeding, petitioner unsuccessfully challenged the application of section 1402(h) on the grounds that (1) it conflicts with the free exercise and establishment clauses of the first amendment and (2) it does not adequately take into account her personal beliefs and convictions, i.e., her participation in the social security system should be a matter of choice. Petitioner raises these issues again in this proceeding. *631 For the reasons stated previously in Schwartz v. Commissioner,supra, and the cases cited therein, particularly Hanson v. Commissioner,66 T.C. 835 (1976) and Palmer v. Commissioner,52 T.C. 310 (1969), we reject petitioner's first two arguments. Section 1402(h) does not conflict with the free exercise and establishment clauses of the first amendment nor is petitioner's participation in the social security system a matter of personal preference. Exemptions from self-employment taxes are statutorily provided for and petitioner must satisfy those statutory requirements. As noted infra, petitioner has failed to meet those requirements. Petitioner's final three arguments were not raised in the prior proceeding. Petitioner claims that the granting of exemptions to certain religious sects while denying an exemption to her religious sect violates equal protection as well as the first amendment. This argument is without merit. It has long been established that section 1402(h) does not violate the fifth amendment. Henson v. Commissioner,66 T.C. 835, 838-839 (1976); Palmer v. Commissioner,52 T.C. 310 (1969). *632 [4]
Nor can we find any basis whatsoever to support petitioner's contention that the Secretary of Health, Education and Welfare has acted in an arbitrary or discriminatory fashion. According to petitioner, the Secretary of Health, Education and Welfare or the Commissioner of the Internal Revenue should be required to issue to petitioner a detailed report or evaluation indicating the factual basis for the denial of her application. We find nothing in the applicable statutory provisions imposing such a requirement. See also sec. 1.1402(h)-1(e), Income Tax Regs.
Petitioner alleges that the Secretary of Health, Education and Welfare categorically denies all applications from members of the Jewish faith based on a 1976 denial to an Orthodox Jewish group in Portland, Oregon. She challenges this practice presumably on due process grounds. Petitioner has not introduced any evidence as to how the Secretary of Health, Education and Welfare made his determination in her case. *633 Without such evidence, we must find her allegations to be unfounded. In passing, however, we note that the Secretary of Health, Education and Welfare has great latitude in this area. See Randolph v. Commissioner,74 T.C. 284, 288-289 (1980). Petitioner's failure to introduce sufficient evidence also disposes of her argument that her religious sect is entitled to an exemption under section 1402(h). Petitioner has introduced no evidence that members of the Jewish faith are "conscientiously opposed to acceptance of the benefits of any private or public insurance." See sec. 1402(h)(1). Finally, we note that it seems clear that petitioner did not file a timely exemption application. She filed her application on March 30, 1976. She received self-employment income at least as early as 1974; the self-employment taxes owing for that year were the subject of petitioner's prior litigation before this Court. Under section 1402(h)(2), petitioner's application should have been filed no later than April 15, 1975 unless she fits within the narrow exception of section 1402(h)(2). Petitioner has failed to demonstrate the applicability of that exception. To reflect the *634 foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue. We note that subsection (h) of section 1402↩ is now subsection (g).
2. Self-employment income is defined in section 1402(b)↩.
3. Collateral estoppel must be affirmatively pleaded for this Court to consider its applicability. Rule 39, Tax Court Rules of Practice and Procedure.↩ Respondent's failure to raise this doctrine precludes its use herein.
4. See also Faulkner v. Commissioner,T.C. Memo. 1980-124 (1980); Melton v. Commissioner,T.C. Memo. 1979-488; and Travis v. Commissioner,T.C. Memo. 1979-483↩.