BRIAN V. GRAY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gray v. Commissioner
Docket No. 8046-81
United States Tax Court
T.C. Memo 1982-132; 1982 Tax Ct. Memo LEXIS 613; 43 T.C.M. (CCH) 805; T.C.M. (RIA) 82132; March 18, 1982. Brian V. Gray, pro *614 se. Timothy Donovan, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Darrell D. Hallett pursuant to section 7456(c), Internal Revenue Code of 1954, [1] and Rules 180 and 181 of the Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined a deficiency in petitioner's 1979 Federal income tax in the amount of $ 1,368.92. The issues for decision are (1) Whether petitioner is liable for the self-employment tax provided by sections 1401 and 1402; and (2) whether petitioner is liable for the addition to tax provided *615 by section 6651(a)(1) for failure to timely file his 1979 return. Most of the facts in this case have been fully stipulated, and are found accordingly. Petitioner was a resident of Mt. Prospect, Illinois at the time his petition was filed. During 1979, petitioner was self-employed in the business of rendering clerk services. He reported a net profit on Schedule C of his 1979 return of $ 16,900.30. Petitioner did not report nor pay any self-employment tax with respect to his 1979 self-employment earnings. He was not a minister of a religious order or a Christian Science practioner. He had not filed with the Internal Revenue Service an application for exemption from self-employment tax. On or about April 15, 1980, petitioner filed with the Internal Revenue Service an Application for Automatic Extension of Time to File U.S. Individual Income Tax Return (Form 4868), requesting a sixty day extension within which to file his 1979 return. His 1979 return was filed on June 10, 1980. Respondent determined that petitioner is liable for the tax imposed upon self-employment income by sections 1401 and 1402 in the amount of $ 1,368.92. Further, respondent determined that petitioner *616 failed to timely file his 1979 return and is liable for the addition to tax provided by section 6651(a)(1). With regard to the self-employment tax, petitioner admits that he had self-employment income and did not qualify for any of the exemptions from the tax on self-employment income provided by section 1402. He argues that the tax as applied to his earnings is unconstitutional as it violates the due process and equal protection clauses of the Constitution. In particular, petitioner's constitutional arguments are based upon the fact that certain persons, such as members of the Congress, government employees, and certain religious groups are, by statute, given the opportunity to be exempt from the self-employment tax, while petitioner does not have this opportunity. Petitioner argues that he should be entitled to apply for and obtain an exemption provided he can demonstrate adequate retirement security by a plan of his own. Similar constitutional attacks upon the Social Security system have repeatedly been rejected by the Courts. For example, in Henson v. Commissioner,66 T.C. 835, 839-840 (1976), we stated, citing Carmichael v. Southern Coal Co.,301 U.S. 495, 509 (1937): *617 'It is inherent in the exercise of the power to tax that a state be free to select the subjects of tax-ation and to grant exemptions. * * * This Court has repeatedly held that inequalities which result from a singling out of one particular class for taxation or exemption; infringe no constitutional limitation. * * *' The Supreme Court upheld the constitutionality of the self-employment tax in Standard Machine Co. v. Davis,301 U.S. 548 (1937); and Helvering v. Davis,301 U.S. 619 (1937). There is simply no validity to petitioner's constitutional arguments. With respect to the addition to tax, petitioner contended at trial that he filed a Form 4868 on or before April 15, 1980, requesting an automatic 60-day extension of time to file his his return. The record was left open to provide petitioner with additional time to submit evidence that he in fact filed this extension. Since then, the parties have stipulated that an extension was filed by petitioner on or *618 about April 15, 1980. It is not specifically stipulated that petitioner paid his estimated 1979 tax liability when he filed the extension and that he otherwise met the requirements of section 1.6081-4(a), Income Tax Regs. However, we assume from the stipulation and the absence of any argument by the respondent that the petitioner in fact complied with all the requirements of the regulations. Accordingly, we conclude that petitioner is not liable for the addition to tax for failure to timely file his 1979 return. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based upon the authority of the "otherwise provided" language of that rule.