FRANK T. OLSEN AND LOIS E. OLSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Olsen v. Commissioner
Docket Nos. 10954-79, 10955-79.
United States Tax Court
T.C. Memo 1982-340; 1982 Tax Ct. Memo LEXIS 397; 44 T.C.M. (CCH) 164; T.C.M. (RIA) 82340; June 21, 1982. *397 Petitioner, a minister, did not file an appropriate application for exemption from payment of self-employment tax within the time limits set forth in sec. 1402(e), I.R.C. 1954. Held, application of the self-employment tax does not violate petitioner's First Amendment rights. Henson v. Commissioner,66 T.C. 835, 838 (1976). Held further, the time requirements for filing an application provided in sec. 1402(e)(2) do not violate the Fifth Amendment. Charles E. Craze,Daniel J. Loomis, and Brian Thompson, for the petitioners. David D. Dahl, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notices of deficiency dated April 23, 1979 respondent determined deficiencies in petitioners' Federal income taxes as follows: Docket
Taxable year
No.
Petitioner
ended Dec. 31,
Deficiency
10954-79
Frank T. Olsen and
Lois E. Olsen
1977
$800.27
10955-79
Frank T. Olsen and
Lois R. Olsen
1976
660.44
These cases have been consolidated for purposes of trial, briefing and opinion. The sole issue for our decision is whether petitioners are liable for self-employment tax imposed by section 1401, I.R.C. 1954, with respect to compensation received by petitioner Frank T. Olsen during *398 the taxable years 1976 and 1977. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Frank T. Olsen and Lois E. Olsen, husband and wife, resided in Wilmington, North Carolina at the time of filing their petitions herein. They filed joint Federal income tax returns for the calendar years 1976 and 1977. Lois E. Olsen is a party herein solely by reason of of her filing joint returns with Frank T. Olsen (hereinafter petitioner). Petitioner was ordained as a minister in May 1968. He was employed as a Baptist minister during the taxable years in question. The first 2 years in which petitioner had net earnings from self-employment of $400 or more, some part of which was from services performed by him as a minister, were 1970 and 1971. According to the records of the Internal Revenue Service, petitioner Frank T. Olsen first applied for exemption from self-employment tax by submitting a Form 4361, Application for Exemption from Self-Employment Tax for Use by Ministers, Members of Religious Orders, and Christian Science Practitioners, which was received *399 by the Internal Revenue Service Center at Memphis, Tennessee on May 8, 1978. By letter dated September 5, 1978 the Memphis Service Center informed petitioner that his application for exemption from self-employment tax, received on May 8, 1978, was not approved because the application was not filed timely. In fact petitioner did fail to file the appropriate form requesting an exemption from the payment of self-employment tax within the applicable time limits set forth in section 1402. With respect to his services as a minister, petitioner is opposed to the public insurance that makes payment in the event of death, disability, old-age or retirement, or makes payments toward the cost of, or provides services for, medical care. Petitioner also opposes payment of money to provide for such public insurance. In his notices of deficiency respondent determined that the taxable income reported by petitioner on his returns was self-employment income and that petitioner was liable for deficiencies in self-employment taxes.
OPINION The parties have stipulated that petitioner failed to file for an exemption from the payment of self-employment taxes within the applicable time limits set forth in *400 section 1402. [1] *401 Therefore, the sole issue remaining for our decision is whether the self-employment tax provisions of the Internal Revenue Code are unconstitutional. Petitioner argues that application of the self-employment tax on his income violates his rights under the First Amendment to the Constitution. We have long held that the self-employment tax is constitutional *402 and is not in conflict with the free exercise and establishment clauses of the First Amendment. See Henson v. Commissioner,66 T.C. 835, 838 (1976); Palmer v. Commissioner,52 T.C. 310 (1969), wherein we found that although taxpayers objected to participation in government insurance programs on religious grounds, they nevertheless were liable for the tax on self-employment income. [2] *403 Recently, in United States v. Lee,     U.S.     ( Feb. 23, 1982, 49 AFTR 2d 82-802, 82-1 USTC par. 9205), the Supreme Court emphasized that the government has a strong interest "in assuring mandatory and continuous participation in and contribution to the social security system * * *." The Court went on to say that "[b]ecause the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax." Therefore, we cannot find that the self-employment tax provisions constitute an unlawful encroachment on petitioner's First Amendment rights. Next, petitioner claims that his right to due process of law under the Fifth Amendment has been violated because he was not given the same "second chance" to file an application for exemption as that accorded under section 1402(g)(2). [3] *405 We have held that sections 1402(e) and 1402(g) do not violate the Fifth Amendment. Henson v. Commissioner,66 T.C. 835, 838-839 (1976); Palmer v. Commissioner,52 T.C. at 314. [4] We have also found that "the different requirements for exemption from tax provided for the different classifications under sections 1402(e) and (h) [now 1402(e) and (g)] have a rational basis and do not arbitrarily deprive petitioner of her right to due process of law." Henson v. Commissioner,66 T.C. at 840. See also Randolph v. Commissioner,74 T.C. 284, 291 (1980). Furthermore, it is well accepted that Congress has wide latitude in formulating classifications and exemptions within tax statutes so long as such distinctions are supported by a rational basis and are not arbitrary. Charles C. Steward Machine Company v. Davis,301 U.S. 548, 584 (1937); Abney v. Campbell,206 F.2d 836, 840 (5th Cir. 1953), cert. denied 346 U.S. 924 (1954). *404 Accordingly, we find that Congress was not arbitrary and had a reasonable basis for formulating the differences between sections 1402(e) and 1402(g), and therefore no infringement on petitioner's right to due process of law has occurred. Decisions will be entered for the respondent.
Footnotes
1. Sec. 1402 provides, in pertinent part, as follows: SEC. 1402. DEFINITIONS. (e) Ministers, Members of Religious Orders, and Christian Science Practitioners.-- (1) Exemption.--Any individual who is (A) a duly ordained, commissioned, or licensed minister of a church or a member of a religious order (other than a member of a religious order who has taken a vow of poverty as a member of such order) or (B) a Christian Science practitioner, upon filing an application (in such form and manner and with such official, as may be prescribed by regulations made under this chapter) together with a statement that either he is conscientiously opposed to, or because of religious principles he is opposed to, the acceptance (with respect to services performed by him as such minister, member, or practitioner) of any public insurance which makes payments in the event of death, disability, old age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act), shall receive an exemption from the tax imposed by this chapter with respect to services performed by him as such minister, member, or practitioner. * * * (2) Time for filing application.--Any individual who desires to file an application pursuant to paragraph (1) must file such application on or before whichever of the following dates is later: (A) the due date of the return (including any extension thereof) for the second taxable year for which he has net earnings from self-employment * * * of $400 or more * * *; or (B) the due date of the return (including any extension thereof) for his second taxable year ending after 1967. (3) Effective date of exemption.--An exemption received by an individual pursuant to this subsection shall be effective for the first taxable year for which he has net earnings from self-employment * * * and for all succeeding taxable years. An exemption received pursuant to this subsection shall be irrevocable.↩
2. See also Ballinger v. Commissioner, 78 T.C.     (1982); Randolph v. Commissioner,74 T.C. 284, 290 (1980); Walker v. Commissioner,T.C. Memo. 1981-710. See also Cain v. United States,211 F.2d 375↩ (5th Cir. 1954).
3. Sec. 1402(g) provides as follows: (g) Members of Certain Religious Faiths.-- (1) Exemption.--Any individual may file an application (in such form and manner, and with such officials, as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). * * * (2) Time for filing application.--For purposes of this subsection, an application must be filed on or before the time prescribed for filing the return (including any extension thereof) for the first taxable year for which the individual has self-employment income * * * except that an application filed after such date but on or before the last day of the third calendar month following the calendar month in which the taxpayer is first notified in writing by the Secretary that a timely application for an exemption from the tax imposed by this chapter has not been filed by him shall be deemed to be filed timely.
4. See also Schwartz v. Commissioner,T.C.Memo. 1981-116; Faulkner v. Commissioner,T.C. Memo. 1980-124; Melton v. Commissioner,T.C. Memo. 1979-488; Travis v. Commissioner,T.C. Memo. 1979-483↩ and cases cited at n. 6 therein.