ALEKSANDRS and CATHIE LAURINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Laurins v. Commissioner
Docket No. 11743-79
United States Tax Court
T.C. Memo 1983-207; 1983 Tax Ct. Memo LEXIS 581; 45 T.C.M. (CCH) 1336; T.C.M. (RIA) 83207; April 13, 1983. *581 John H. MacVey, for petitioners. Barry Furman, for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for hearing on respondent's motion for judgment on the pleadings. The Court agrees with and adopts the Special Trial Judge's opinion which is set out hereinbelow. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined a deficiency of $1,153.50 in petitioners' 1977 income taxes. There is but a single issue for decision: whether petitioners are liable for self-employment tax. Respondent's notice of deficiency states: We have adjusted your return because the income ($400 or more) you reported from self-employment on Schedule C of your return makes you liable for self-employment tax under the law. Paragraphs 4(a) and 5(a) of the petition are as follows: 4. The determination of tax set forth in the said notice of deficiency is based upon the following errors: (a) The Commissioner erred in assessing self-employment tax on the self-employment income of petitioner Aleksandrs V. Laurins. 5. The facts upon *582 which the petitioner relies, as the basis of his case, are as follows: (a) The self-employment tax assessed by the Commissioner is invalid, discriminatory, and unenforceable because said tax violates petitioners [sic] constitutional rights to equal protection under applicable law quaranteed to petitioners by the Constitution of the United States. Respondent's answer denied both of the foregoing paragraphs of the petition. Respondent filed a motion for judgment on the pleadings on January 25, 1983, which came on for hearing at the Motions Session on February 23, 1983. At the conclusion of the hearing the motion was taken under advisement. There is no dispute as to the facts in this case; the allegations in paragraph 5(a) in essence raise a question of law, whether the self-employment tax violates Mr. Laurins' constitutional rights. We believe that it does not. It is well settled that the self-employment tax is constitutional. Henson v. Commissioner,66 T.C. 835, 838-840 (1976); Palmer v. Commissioner,52 T.C. 310, 314 (1969). [1] In particular, this Court has rejected taxpayers' constitutional arguments based on the equal protection *583 clause. Hayes v. Commissioner,T.C. Memo. 1980-307; Reed v. Commissioner,T.C. Memo. 1979-446. We see no reason for traversing this same ground again. Accordingly, since the pleadings do not raise a genuine issue of material fact and respondent is entitled to prevail as a matter of law, respondent's motion should be granted. An appropriate order and decision will be entered.
Footnotes
1. See also Templeton v. Commissioner,T.C. Memo. 1982-456; Hull v. Commissioner,T.C. Memo. 1982-341; Olsen v. Commissioner,T.C. Memo. 1982-340↩.