EDWARD J. GRIEVE and ELAINE R. GRIEVE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grieve v. Commissioner
Docket No. 28008-83.
United States Tax Court
T.C. Memo 1986-453; 1986 Tax Ct. Memo LEXIS 149; 52 T.C.M. (CCH) 572; T.C.M. (RIA) 86453; September 18, 1986. Edward J. Grieve, pro se. Michael Gendelman, for the respondent. JACOBS
MEMORANDUM *150 OPINION JACOBS, Judge: Respondent determined a deficiency in petitioners' 1979 Federal income tax in the amount of $1,087 and an addition to tax for failing to file a timely return, pursuant to section 6651(a)(1), [1] in the amount of $104. The issues for decision are: (1) whether petitioners are exempt from self-employment tax pursuant to section 1402(g), and (2) whether petitioners' failure to timely file was due to reasonable cause. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Edward J. Grieve and Elaine R. Grieve, husband and wife, resided in Union City, California at the time they filed their petition. During 1979, Mr. Grieve (hereinafter referred to as petitioner) earned $13,420 from self-employment as a floor-covering salesman. In their 1979 joint return, which was mailed on June 13, 1980 and received by respondent on June 24, 1980, petitioners did not report the self-employment income earned by petitioner from floor-covering sales or pay self-employment *151 tax thereon. Attached to their return was Form 4361, Application for Exemption from Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners; petitioner certified that although he was not an ordained minister, he was a fellowship coordinator of Way International Biblical Research Center (the Church). Petitioner had not received any earnings in 1979 for services performed as a minister or in the exercise of ministerial duties. In February, 1982, petitioner filed with respondent Form 4029, Application for Exemption from Tax on Self-Employment Income and Waiver of Benefits, in which he certified that as a follower of the Church, he was conscientiously opposed to accepting social security benefits, and therefore wished to be exempt from paying self-employment taxes. Respondent sent this form to the Department of Health and Human Services, Social Security Administration (HHS) for its determination of the Church's status for purposes of section 1402(g). In March, 1983, HHS certified that the Church was not a recognized religious sect described in section 1402(g). The Church had, in 1977, certified to HHS that it did not meet the requirements *152 of section 1402(g). By letter dated April 11, 1983, the District Director notified petitioner that his application for exemption from self-employment tax had been rejected by HHS. Petitioner contends that because his participation in any form of public insurance would conflict with his religious beliefs, he is not required to pay self-employment tax. To the extent section 1402 does not afford him relief from such tax, petitioner argues that his First Amendment rights have been violated. Respondent disagrees; we agree with respondent. Section 1401 imposes a tax on self-employment income as defined in section 1402(b). Section 1402(g) provides an exemption from the tax for an individual who is a member of a recognized religious sect whose established teachings or tenets cause him to be conscientiously opposed to the acceptance of benefits of any private or public insurance which makes payments in the event of death, disability, old age, or retirement or makes payments towards the cost of, or provides services for, medical care. The statute further provides that the exemption may be granted only if the Secretary of Health, Education and Welfare (now HHS) finds that such sect has *153 established teaching or tenets opposed to the acceptance of such benefits from public and private insurance. Petitioner does no fall within the terms of the exemption granted by section 1402(g). The Secretary of HHS did not make the finding required by the statute. Further, the Church does not have tenets or teachings which oppose the acceptance of benefits of public or private insurance which makes payments in the event of death, disability, old age or retirement or makes payments towards the cost of, or provides services for, medical care. Congress has accommodated, to the extent compatible with a comprehensive national program, the practices of those who believe it a violation of their faith to participate in the social security system. United States v. Lee,455 U.S. 252 (1982). The exemption provided by section 1402(g) is narrow; further accommodation of those religious practices would unduly interfere with fulfillment of the governmental interest in assuring mandatory and continuous participation in the social security system. United States v. Lee,supra.On several occasions we have rejected taxpayers' claims that section 1402(g) contravenes *154 the establishment of religion and free exercise thereof clauses of the First Amendment. Randolf v. Commissioner,74 T.C. 284 (1980); Henson v. Commissioner,66 T.C. 835 (1976); Palmer v. Commissioner,52 T.C. 310 (1969). Thus, we sustain respondent's determination that petitioners are liable for self-employment tax. Petitioners had the burden of proving that they are not liable for the addition to tax for late filing pursuant to section 6651(a)(1); [2]Rule 142(a), Tax Court Rules of Practice and Procedure. They conceded that they failed to timely file their 1979 return and no evidence was presented that their delay was due to reasonable cause. Respondent's determination with respect to the addition to tax, therefore, is upheld. *155 Accordingly, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and as in effect during 1979.↩
2. Section 6651(a)(1) provides that in case of failure to file a return on the date prescribed therefor, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return five percent of the amount of such tax if the failure is not for more than one month, with an additional five percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.↩