JAMES E. DEVINE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Devine v. Commissioner
Docket No. 15272-79.
United States Tax Court
T.C. Memo 1980-511; 1980 Tax Ct. Memo LEXIS 74; 41 T.C.M. (CCH) 375; T.C.M. (RIA) 80511; November 19, 1980, Filed James E. Devine, pro se. John J. Morrison, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies in petitioner's Federal income tax as follows: Year
Deficiency
1976
$489.86
1977
334.60
The only issue presented is whether petitioner is exempt from the tax on self-employment income imposed by section 1401. [1]
This case comes before us on motions for summary judgment filed by each party pursuant to Rule 121, Tax Court Rules of Practice and Procedure. All the facts have been stipulated. Petitioner was a resident of Illinois when he filed his petition herein. During 1976 and 1977, James E. Devine (hereinafter petitioner) was a self-employed carpenter. He had self-employment income of $6,200.79 in 1976 and $4,235.88 in 1977. Petitioner did not file an application for exemption from self-employment *76 tax. Instead, he noted on his 1976 and 1977 Federal income tax returns that self-employment tax was not being paid because of religious and Christian beliefs. Petitioner is not a minister, a member of a religious order, or a Christian Science practitioner. Nor is he opposed to, or a member of a religious sect opposed to, acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care. Petitioner is conscientiously opposed to the manner in which certain monies are spent under the Social Security Act. In his statutory notice of deficiency, respondent determined petitioner's 1976 and 1977 self-employment income and asserted Federal income tax deficiencies. Petitioner contends he is exampt from self-employment tax under either section 1402(e) or section 1402(g). [2] Alternatively, he contends that granting exemptions to others but not to him violates his civil rights and is unconstitutional. Respondent contends that the section 1402(e) and section 1402(g) exemptions are constitutional, that petitioner failed to make proper applications *77 for exemptions, and that petitioner does not in any case qualify for exemption under section 1402(e) or section 1402(g). We agree with respondent. The exemptions from self-employment tax provided by sections 1402(e) and 1402(g) are expressly conditioned on proper application for exemption. Sec. 1402(e)(1); sec. 1402 (g)(1). See secs. 1.1402(e)-2A and 1.1402(h)-1(b), Income Tax Regs. These regulations prescribe specific procedures for exemption application with which petitioner did not comply. We have held the application procedure outlined in section 1402(e) and the regulations thereunder to be mandatory, [3] and that holding applies equally under section 1402(g). Thus, we conclude that petitioner is not entitled to exemption from self-employment tax, if for no other reason, because he has not applied for it properly. [4]
*78 Even if petitioner's notations on his 1976 and 1977 Federal income tax returns could be construed as meeting the exemption application requirements, he does not qualify for exemption under either section 1402(e) or section 1402(g). Section 1402(e) applies only to ministers, members of religious orders, and Christian Science practitioners. Petitioner falls within none of those classes; therefore section 1402(e) does not apply to him. Section 1402(g) applies only to individuals who, by reason of their membership in a recognized religious sect or division, are conscientiously opposed to the acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care. Petitioner stipulated he is not a member of any such group and he is not personally opposed to acceptance of such benefits. Thus, he does not fall within section 1402(g). [5]
*79 Petitioner's real objection is that he is as an individual conscientiously opposed to the way some monies are spent under the Social Security Act. That alone is not enough to warrant his exemption from self-employment tax. [6]
Petitioner contends the exemptions granted by sections 1402(e) and 1402(g) are unconstitutional. We have previously rejected this contention and see no reason to more fully reiterate our holdings. See Henson v. Commissioner,66 T.C. 835 (1976); Palmer v. Commissioner,52 T.C. 310 (1969). [7]
For the reasons above, respondent's motion for summary judgment will be granted. An appropriate ordr and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.↩
2. Current sec. 1402(g) was designated as sec. 1402(h) for taxable years ending on or before December 31, 1976. Tax Reform Act of 1976 (tit. XIX, Deadwood Provisions), sec. 1901(a)(155)(B), 90 Stat. 1789. For conveneince when reference is made to sec. 1402(g) hereinafter, it is meant also to refer to sec. 1402(h) during 1976.↩
3. McLanahan v. Commissioner,T.C. Memo. 1979-373. See also Kinney v. Commissioner,T.C. Memo. 1980-299↩. 4. Petitioner contends the regulations are without legal authority. We disagree. See sec. 7805(a), sec. 1402(e), sec. 1402(g). See also Brushaber v. Union Pac. R.R.,240 U.S. 1↩ (1916).
5. Moreover, sec. 1402(g)(1) requires the Secretary of Health, Education, and Welfare to make certain findings with respect to the religious sect or division in which a taxpayer claims membership. Petitioner has not shown any such findings have been made in this case.↩
6. See Melton v. Commissioner,T.C. Memo. 1979-488↩.
7. See also Melton v. Commissioner,supra;Stoffels v. Commissioner,T.C. Memo. 1979-295; Jaggard v. Commissioner,T.C. Memo. 1978-78, affd. 582 F.2d 1189 (8th Cir. 1978), cert. denied 440 U.S. 913↩ (1979).