JAMES E. DEVINE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Devine v. Commissioner
Docket No. 20263-81.
United States Tax Court
T.C. Memo 1983-13; 1983 Tax Ct. Memo LEXIS 776; 45 T.C.M. (CCH) 495; T.C.M. (RIA) 83013; January 10, 1983. James E. Devine, pro se. Timothy R. Donovan, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Daniel J. Dinan pursuant to the provisions of General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts the Special Trial Judge's Opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1979 in the amount of $412.46. The issue for decision is whether petitioner is liable for the self-employment tax imposed by sections 1401 and 1402. [1]
The case is before us on respondent's motion for summary judgment, filed June 4, 1982, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.
Respondent also filed, on June 4, 1982, a motion for the assessment of damages in the amount of $500, pursuant to section 6673. Petitioner was a resident of *778 Beecher, Illinois, when he filed his petition in this case. During 1979, petitioner was a self-employed carpenter. On his 1979 individual Federal income tax return, petitioner reported $5,092.10 as self-employment income which he earned as a carpenter. On Schedule SE attached to his 1979 return, petitioner reported a self-employment tax liability of "0", stating at the bottom of Schedule SE: I feel I am lawfully exempt from this tax because of my Christian beliefs and that I am now trying to negotiate a settlement of this matter with the IRS. In his petition, petitioner claims (1) that he is conscientiously opposed to paying social secruity tax because of his Christian beliefs and (2) "since not everyone in this country who pays taxes pays into this system and legally don't have to pay this tax for various reasons. Forcing petitioner to pay into this system would not give him equal protection of the laws." This is the third occasion on which petitioner has petitioned this Court to set aside respondent's determination that petitioner is liable for the self-employment tax imposed by section 1401. In the case at Docket No. 3832-76S, petitioner claimed that he was not liable *779 for self-employment taxes for 1974 in the amount of $569.66 because of his religious scruples. In T.C. Summary Opinion 1977-60, filed February 24, 1977, this Court held that petitioner's arguments were "without validity" and entered a decision for the respondent. In the case at Docket No. 15272-79, petitioner claimed he was not liable for self-employment taxes for 1976 and 1977 in the amounts of $489.86 and $334.60, respectively, because of his religious and Christian beliefs. Alternatively, he argued that granting exemptions from self-employment tax to others but not to him violates his civil rights and is unconstitutional. In T.C. Memo. 1980-511, filed November 19, 1980, this Court held, 41 T.C.M. (CCH) 375, 49 T.C.M. (P-H) par. 80,511: Petitioner's real objection is that he is as an individual conscientiously opposed to the way some monies are spent under the Social Security Act. That alone is not enough to warrant his exemption from self-employment tax. Petitioner contends the exemptions granted by sections 1402(e) and 1402(g) are unconstitutional. We have previously rejected this contention and see no reason to more fully reiterate our holdings. See *780 Henson v. Commissioner,66 T.C. 835 (1976); Palmer v. Commissioner,52 T.C. 310 (1969). (Footnote omitted.) Respondent's motion for summary judgment was granted and a decision was entered in his favor. Our decision in T.C. Memo. 1980-511 was affirmed by the United States Court of Appeals for the Seventh Circuit in an unpublished Order dated December 15, 1981, No. 81-1330. At page 2 of its Order, the Court of Appeals stated: On appeal petitioner-appellant contends, as he did below, that he was entitled to an exemption under Sections 1402(e) and (g) of the Internal Revenue Code and that the denial of his claimed exemption violated his civil rights. We find that the issues raised by the appellant were carefully considered and correctly decided by the Tax Court in its memorandum opinion which is reported at 49 T.C.M. (P-H) P80,511 (1980). We therefore adopt the Tax Court's memorandum opinion herein. As an additional matter we note that the petitioner-appellant argues for the first time on appeal that the employment tax law as applied to him is unconstitutional because it is an unapportioned direct tax on the remuneration *781 received by him from his carpentry business, which, according to the petitioner, is not income but rather "reasonable compensation." Although this issue is not properly before this court on appeal, having not been previously submitted by the petitioner for a decision by the Tax Court, it is clear that in any event petitioner's argument is without merit. Specifically, petitioner argues that the reasonable compensation that he derives from his carpentry business does not constitute income since for tax purposes income means the profit derived from gainful activity, whereas reasonable compensation is an equal exchange of value for value in the form of payment equal to the value of services rendered. This argument cannot be sustained because the definition of gross income in the Internal Revenue Code clearly encompasses petitioner's notion of reasonable compensation. 26 U.S.C. § 61(a) provides: Except as otherwise provided in the subtitle, gross income means all income from whatever source derived including (but not limited to) the following items: Compensation for services, including fees, commissions and similar items. Compensation for services rendered *782 constitutes ordinary income under Section 61(a) of the Code. Pounds v. United States,372 F.2d 342, 345 (5th Cir. 1967). Income is a broad concept which includes any economic gain from whatever source derived; however, economic gain does not require a profit in the usual sense. Ritter v. United States,393 F.2d 823, 832, 183 Ct. Cl. 875, cert. denied, 393 U.S. 844 (1968). Thus contrary to the petitioner's contention, as contemplated by the Code, income is not limited to the profit derived from compensation for services but extends to all compensation for services including reasonable compensation. The decision of the Tax Court is Affirmed. Petitioner's arguments in this case have been fully considered and rejected by this Court on two prior occasions, supra, and by the United States Court of Appeals for the Seventh Circuit, supra. There is no genuine issue as to any material fact and respondent is entitled to summary judgment as a matter of law. Respondent's motion for summary judgment will be granted. Respondent has also filed a motion for the assessment of damages against petitioner in the amount of $500, pursuant *783 to section 6673. Section 6673 authorizes this Court to assess damages not in excess of $500 whenever it appears that proceedings have been instituted before us by the taxpayer merely for the purpose of delay. In his Notice of Objection No. 1, Response to Motion for Summary Judgment filed on June 4, 1982 by the Respondent, which petitioner filed in this case on July 6, 1982, petitioner states, at page 3: Petitioner has every right to petition the Government for a redress of grievances 1st Amd. U.S. Const. and as many times as it might take until he finds relief in his case. Petitioner's implied threat to continue his litigious assault on the self-employment tax is, in our opinion, precisely the situation which section 6673 was designed to obviate. In McCoy v. Commissioner,76 T.C. 1027 (1981), we stated, at page 1029: It may be appropriate to note further that this Court has been flooded with a large number of so-called tax protester cases is which thoroughly meritless issues have been raised in, at best, misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues *784 raised therein are of the type that have been consistently decided against such protesters and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions. Because the order of the Court of Appeals for the Seventh Circuit, dated December 15, 1981, was issued after the date the taxpayer filed his petition in this case, we will deny respondent's motion to assess damages pursuant to section 6673. Petitioner is now fully aware, however, that the substance of the case currently before the Court is without merit. Should he persist in filing similar petitions with the Court, we will not hesitate to reconsider our decision regarding the application of the provisions of section 6673. [2]
Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for 1979, unless otherwise indicated.↩
2. We note that for proceedings instituted after December 31, 1982, section 6673 provides for damages not in excess of $5,000.↩